## LESNIAK *v.* FAIR EMPLOYMENT PRACTICES COMMISSION.

1. STATUTES—AMBIGUITY—CONSTRUCTION—CONSTITUTIONAL LAW.
   The Supreme Court must so construe an act containing inconsistent and ambiguous provisions as to save it to the degree possible from unconstitutionality.

2. ADMINISTRATIVE LAW—FAIR EMPLOYMENT PRACTICES—COURTS—CONSTRUCTION OF STATUTES—DE NOVO TRIAL BY CIRCUIT COURT—SEPARATION OF POWERS.
   Provisions of fair employment practices act relative to *de novo* trial of matters in circuit court, being in direct conflict with the jury trial provisions of the appeal sections of the same statute and with the purpose, structure and form of the main portions which set forth elaborate machinery to perform a specific administrative and quasi-judicial function and make a finding of facts in the area of *unfair employment practices,* are declared unconstitutional as an attempt, contrary to the division of powers provision, to grant administrative powers to courts (Const 1908, art 4, §§ 1, 2; CLS 1956, §§ 423.308, 423.310).

3. CIVIL RIGHTS—FAIR EMPLOYMENT PRACTICES COMMISSION—PROBABLE CAUSE.
   The fair employment practices commission is specifically authorized to make a finding of presence or lack of probable cause to credit a complaint against a particular party alleged therein to have engaged in an unlawful discriminatory employment practice (CLS 1956, § 423.307 [c], [i]).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 11 Am Jur, Constitutional Law § 96 *et seq.*
[2] 11 Am Jur, Constitutional Law § 204.
[3] 42 Am Jur, Public Administrative Law § 25 *et seq.*
[4] 42 Am Jur, Public Administrative Law § 186 *et seq.*
[5] 42 Am Jur, Public Administrative Law §§ 248, 249.
[6] 14 Am Jur, Costs § 91.

4. ADMINISTRATIVE LAW—FAIR EMPLOYMENT PRACTICES COMMISSION —COURTS—RECORD.

The review by the circuit court of the inaction of the fair employment practices commission is limited to an appeal in the nature of certiorari on the record developed before the administrative agency, such review requiring the agency to afford the complainant a reasonable opportunity, on demand, to present evidence on a written record (CLS 1956, § 423.308).

5. CIVIL RIGHTS — FAIR EMPLOYMENT PRACTICES COMMISSION — REMAND BY CIRCUIT COURT.

Circuit court on review of dismissal of complaint by fair employment practices commission is ordered to remand case to the commission for adducing additional specified and material evidence, where complainant had moved for reconsideration by the commission then contending she could produce evidence to prove her complaint but commission had denied reconsideration and circuit judge failed to remand case for testimonial record notwithstanding observation that there appeared to be reasonable grounds for such action (CLS 1956, § 423.308 [d]).

6. COSTS—PUBLIC QUESTIONS—FAIR EMPLOYMENT PRACTICES COMMISSION—REVIEW BY CIRCUIT COURT.

No costs are allowed on appeal from circuit court's order made in reviewing action which had been taken by the fair employment practices commission, where public questions were involved (CLS 1956, §§ 423.308, 423.310).

Appeal from Wayne; Kaufman (Nathan J.), J. Submitted October 18, 1961. (Docket No. 99, Calendar No. 49,044.) Decided November 30, 1961.

Joan M. Lesniak filed complaint under the fair employment practices act claiming discrimination because of national origin. Complaint dismissed. Appeal taken to circuit court naming Fair Employment Practices Commission and certain of its officials as defendants. Motion to dismiss appeal denied, from which order defendants appeal. Modified and affirmed.

*Joan M. Lesniak, in propria persona.*

*Paul L. Adams,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, *Gerald David White,* Assistant Attorney General, for defendants.

EDWARDS, J.  This is an appeal on leave granted by this Court from the denial of appellant fair employment practices commission's motion to dismiss an appeal in the Wayne circuit court.

This litigation originated with a complaint filed by plaintiff, Joan M. Lesniak, before the fair employment practices commission and against her former employer, Wayne county, and more particularly the Wayne county civil service commission.  It was plaintiff's contention, as stated in her original complaint, that the Wayne county civil service commission had failed to reinstate her in the eligibility list as of July 29, 1959, because of discrimination against her based on her nationality and ancestry.

After the filing of this complaint on September 1, 1959, a staff investigation and report was made, with the following determination of facts and recommendations:

"1. The claimant voluntarily resigned from her civil service job December 31, 1958.

"2. Her personnel file reveals that her mechanical performance on her jobs with the several agencies for whom she has worked under the jurisdiction of Wayne county civil service was very satisfactory. She has however, a long record of mental illness.  Recurrences of this illness made it impossible for her to maintain good working relationships with her supervisors and coworkers.

"3. The respondent has refused to place her name on civil service re-employment list until the claimant can provide satisfactory evidence that appropriate therapy has achieved her recovery.

"4. No evidence was revealed during the investigation that supports the claimant's allegations that her nationality is a factor in the respondent's denial of her request to be considered for re-employment.
"Summary:
"In view of the fact that no evidence was revealed that would credit the claimant's allegations of discrimination on the basis of her nationality, it is hereby recommended that this case be dismissed for lack of probable cause."

Thereafter, on November 9, 1959, a notice of dismissal of the complaint was forwarded to the complainant, on the grounds that "the commission has determined that there are insufficient grounds to sustain the complaint."

Thereafter, in accordance with the rules of the commission, plaintiff Lesniak filed a request for reconsideration which was dismissed by the commission on December 18, 1959, with the written statement:

"It is the conclusion of the commission that the action of the Wayne county civil service commission involved personnel action which did not constitute discrimination based on your nationality or ancestry."

Thereupon, plaintiff filed a petition for appeal to the circuit court of Wayne county. Many of the allegations contained therein had not been the subject of her complaints to the fair employment practices commission either in the original complaint or the motion for reconsideration of the denial thereof.

We interpret plaintiff's petition, as did the circuit judge, as seeking a hearing *de novo* in the circuit court without regard to the record previously compiled before the fair employment practices commission.

On the attorney general's motion to dismiss, on behalf of the fair employment practices commission,

which alleged that the hearing *de novo* "would constitute an usurpation of administrative and legislative functions, in violation of the separation of powers doctrine of the Michigan State Constitution (Const 1908, art 4, § 2)," the circuit judge denied the motion, stating in part as follows:

"It was disclosed that under the statute of the fair employment practices commission, they have a right to investigate and give hearings to those cases that the fair employment practices commission deems have merit; that they refused to give the plaintiff-appellee a hearing.

"It was stated by the court that it doesn't matter who the person is, whether she was a Communist or a Socialist or anything else, she is entitled to a hearing some place, somewhere.

"It was further stated that if we get a governor who does not believe in the fair employment practices act,* and in turn appoints members of the commission who do not believe in the fair employment practices act, and they all go out and refuse to give people hearings, it would make a mockery of the entire fair employment practices act.

"Therefore, this court ordered a hearing either by the fair employment practices commission or before this court."

However inexpertly it may have been accomplished (for plaintiff-appellee appears before this Court, and apparently did below, *in pro. per.*), we believe this appeal presents squarely to this Court the following questions:    •

"1. Did the lower court err in holding that the fair employment practices commission's finding of no probable cause should be reviewed *de novo* and not on the basis of the investigatory record of the fair employment practices commission?

---

* CLS 1956, § 423.301 *et seq.* (Stat Ann 1960 Rev § 17.458[1] *et seq.*).—Reporter.

"2. Did the lower court err in holding that the fair employment practices commission must give parties to a complaint a full hearing at the preliminary stage of the proceedings at which the fair employment practices commission determines the presence of or lack of probable cause to credit a complaint?"

The most casual examination of the appeal provisions contained in sections 8 and 10 of the fair employment practices act reveals substantial ambiguities and inconsistencies:

"Sec. 8. (a) Any complainant, intervener or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may appeal to the circuit court of the State of Michigan within any county wherein the unfair employment practice, which is the subject of the commission's order, was committed, or wherein any respondent required in the order to cease and desist from an unfair employment practice, or to take other affirmative action, resides or transacts business and such appeal shall be tried *de novo* before said circuit court.

"(b) Such proceeding shall be initiated by the filing of a petition in such court and the service of a copy of the said petition upon the commission and upon all parties who appeared before the commission. Thereupon, the commission shall file a transcript of the record upon the hearing before it. The court shall have jurisdiction of the proceeding and of the questions determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter upon the pleadings, testimony and proceedings set forth in such transcript an order enforcing, modifying and enforcing as so modified, or setting aside in whole or in part, the order of the commission.

"(c) An objection that has not been urged before the commission shall not be considered by the court, unless the failure or neglect to urge such objection

shall be excused because of reasonable grounds shown.

"(d) Any party may move the court to remit the case to the commission in the interests of justice for the purpose of adducing additional specified and material evidence and seeking findings thereon: Provided, That he shows reasonable grounds for the failure to adduce such evidence before the commission.

"(e) The jurisdiction of the court shall be exclusive and its judgment and order shall be final, subject to appellate review as provided by law.

"(f) The commission's copy of the testimony shall be available at all reasonable times to all parties without cost for examination and for the purposes of judicial review of the order of the commission. The petition shall be heard on the transcript of the record without requirement of printing.

"(g) The commission may appear in court by the attorney general or such assistants of the attorney general as may be assigned to the commission.

"(h) If no proceeding to obtain judicial review is instituted by a complainant, intervener or respondent within 30 days from the service of an order of the commission pursuant to section 7(h) hereof, the. commission may obtain a decree of the court for the enforcement of such order upon showing that respondent is subject to the commission's jurisdiction and resides or transacts business within the county in which the petition for enforcement is brought." CLS 1956, § 423.308 (Stat Ann 1960 Rev § 17.458[8]).

"Sec. 10.    *    *    *

"(c) This act shall be so construed that section 13 of article 2 of the Constitution of the State of Michigan shall apply in any circuit court to any case or action arising under this act and every party or respondent in such case or action shall be deemed to have demanded the rights reserved to him under said section 13 of article 2 unless, subsequent to his appearance in such case or action, such demand is

waived in writing or in open court." CLS 1956, § 423.310 (Stat Ann 1960 Rev § 17.458[10]).

Thus, the last portion of subsection (a) of section 8 states, "such appeal shall be tried *de novo* before said circuit court." This could, of course, reveal an intention on the part of the legislature that a wholly new proceeding, with the authorization of new issues, new testimony, and a new record, and entirely new and possibly different findings of fact, were provided for.

The balance of the section, however, makes clear that the legislature had no such intent. For example, subsection (b), on the filing of a petition for appeal to the circuit court, provides:

"Thereupon, the commission shall file a transcript of the record upon the hearing before it."

And the following sentence authorizes the court

"to make and enter upon the pleadings, testimony and proceedings set forth in such transcript an order enforcing, modifying and enforcing as so modified, or setting aside in whole or in part, the order of the commission."

Subsection (c) provides:

"An objection that has not been urged before the commission shall not be considered by the court, unless the failure or neglect to urge such objection shall be excused because of reasonable grounds shown."

Subsection (d) authorizes any party to move to remit the case for the taking of further testimony before the commission.

And subsection (f) finally says the petition shall be heard on the transcript of the record without requirement of printing.

All of these provisions referred to are entirely inconsistent with the view of the construction of the

words "shall be tried *de novo* before said circuit court" as sought by plaintiff-appellee. Furthermore, they are completely at odds with the final provision of section 10 which purports to instruct that this action shall be so construed that section 13 of article 2 of the Constitution of the State of Michigan shall apply in any circuit court to any case or action arising under this act. Article 2, § 13, of the Michigan Constitution (1908) is the guarantee of jury trial.

Faced with these inconsistencies and ambiguities, this Court must make such construction of the appeal provisions of the statute as to save it to the degree possible from unconstitutionality.

In this effort, we look first to the structure of the statute itself. It establishes certain standards of conduct in relation to employment in the State of Michigan, and declares that discrimination in employment, based on race, color, religion, national origin or ancestry shall be construed to be an unfair employment practice.

The statute provides for a commission which is empowered and directed "to prevent any person from engaging in unfair employment practices."* The statute provides for the filing of complaints by any individual claiming to be aggrieved by such a practice, and for investigation by the commission and staff of such complaint to determine whether or not probable cause exists for crediting the allegations therein.

The statute further provides for immediate efforts, "by conference, conciliation and persuasion," on the part of the commission to eliminate the unfair employment practice.

The statute also provides, presumably where this is unsuccessful, for the filing of formal complaints

---

* CLS 1956, § 423.307 (Stat Ann 1960 Rev § 17.458[7]).—REPORTER.

and the holding of hearings and the taking of testimony under oath.

The statute further provides that the commission, after such hearing, shall state its findings of fact and shall issue orders requiring respondents found to have been guilty of unfair labor employment practices to cease and desist therefrom.

Where no probable cause exists for crediting the charges, or upon all the evidence the commission has found that a respondent has not engaged in any unfair employment practices, it is required to state its findings of fact on the record and dismiss the complaint.

Thus, the structure of the fair employment practices act of the State of Michigan parallels closely that of the national labor relations act* of the Federal government. The commission provided for is an administrative agency with quasi-judicial functions to which the statute has plainly allocated by legislative decision a fact-finding function in the area of unfair employment practice complaints.

To set up such an elaborate machinery to perform a specific administrative and quasi-judicial function, and then to provide for trial *de novo* and a hearing and finding of fact before a jury in circuit court, builds an irreconcilable contradiction into the framework of the statute.

The *de novo* trial provisions and the jury trial provisions of the appeal sections are in direct conflict with both the balance of the appeal sections of the statute and the purpose, structure and form of the main portions of the statute itself. Such ambiguity and inconsistency requires construction by this Court, but an overriding consideration predetermines the direction of that construction. The Constitution of the State of Michigan (1908), in article

---

* 29 USC (1958 ed), § 151 *et seq.*—Reporter.

4, §§ 1 and 2, provides for a division of the powers of government:

"Sec. 1.    The powers of government are divided into 3 departments: The legislative, executive and judicial.

"Sec. 2.    No person belonging to one department shall exercise the powers properly belonging to another, except in the cases expressly provided in this Constitution."

Thus, there is a specific interdiction upon the courts exercising administrative powers.

In many prior instances, when there have been legislative attempts to delegate the fact-finding functions of administrative bodies to the courts, this Court has held such legislation to violate the separation of powers doctrine. *In re Fredericks,* 285 Mich 262 (125 ALR 259); *Bischoff* v. *County of Wayne,* 320 Mich 376; *City of Detroit* v. *Division 26, AASER & MCE of A,* 332 Mich 237; *Gaidamavice* v. *Newaygo Board of County Road Commissioners,* 341 Mich 280.    In the first of these cases, a headnote reads:

"A decision of a municipal civil service commission upon a hearing to remove an employee of a fire department for cause, not being the result of judicial action, but being at most a quasi-judicial act of an administrative tribunal, is not subject to review by the courts on appeal and an attempt by the legislature to create a right of appeal would be unconstitutional as an endeavor to foist nonjudicial functions upon the courts."

In this case the Supreme Court interpreted the language of the legislature as intending to grant an appeal in the nature of certiorari.    If we construe the appeal provisions of the present statute in the same fashion, we find all other provisions consistent with an appeal in the nature of certiorari where the

circuit court would review for legal error or arbitrary action the findings of fact and decisions of the fair employment practices commission. In this regard we adopt the construction of the *Fredericks Case*.

The second question posed to us by this case is:

"Did the lower court err in holding that the fair employment practices commission must give parties to a complaint a full hearing at the preliminary stage of the proceedings at which the fair employment practices commission determines the presence of or lack of probable cause to credit a complaint?"

We believe that the words "probable cause" in section 7(c) of the fair employment practices act, which provides for a preliminary investigation, must be read in conjunction with section 7(i)'s language:

"If the commission shall find that no probable cause exists for crediting the charges or if, upon all the evidence, the commission shall find that a respondent has not engaged in any unfair employment practice, it shall state its findings of fact and shall issue and cause to be served on the complainant an order dismissing the said complaint as to such respondent."

So read, we believe these sections are designed to authorize the general procedure followed by the commission in this case. See rules, fair employment practices commission, 1954 Administrative Code, 1957 AACS, § R 423.301 *et seq.*

We note, however, that the appeal provisions of the statute are made available to a complainant as to whom the commission has refused to issue a formal complaint. CLS 1956, § 423.308 (Stat Ann 1960 Rev § 17.458[8]). As we have indicated, such review must be made in circuit court by appeal in the nature of certiorari on the record developed before the administrative agency. This requires that

the commission's rules provide a reasonable opportunity for a complainant to be able on demand to present evidence on a written record.

It appears that no such record was made in this case although complainant, on motion for reconsideration, contended that she could produce evidence to prove her complaint. See rules, fair employment practices commission, 1954 Administrative Code, 1957 AACS, § R 423.304.

The statute empowers the circuit judge, on motion, to remit the case to the commission "for the purpose of adducing additional specified and material evidence." CLS 1956, § 423.308, subd(d) (Stat Ann 1960 Rev § 17.458[8], subd[d]). The opinion of the circuit judge appears to have intended a finding that there were reasonable grounds for such action and the order entered, in addition to denying the motion to dismiss, should have remitted the case for a testimonial record before the commission or such member or hearing examiner as the commission might designate.

Modified and affirmed. No costs, public questions being involved.

Dethmers, C. J., and Carr, Kelly, Black, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.