LaPRATT *v.* KEEGO HARBOR JUSTICE
OF THE PEACE.

1. CERTIORARI—ORDER OF SUPERINTENDING CONTROL.
Statutory provisions authorizing issuance of writ of certiorari
are to be construed as if they contained the words *order of
superintending control* rather than *writ of certiorari,* where
such writ has been replaced with the order (GCR 1963, 711.3).

2. COURTS—COURT RULES—CRIMINAL LAW.
Provisions of general court rules of civil procedure apply to
criminal cases, except as otherwise provided by rule or statute,
and except when it clearly appears that they apply to civil
actions only, or where statutes or special court rules provide a
different procedure (GCR 1963, 785.1).

3. JUSTICES OF THE PEACE—REVIEW OF CONVICTIONS—ORDER OF SU-
PERINTENDING CONTROL.
The court rule whereby the writ of certiorari is replaced by an
order of superintending control is not inapplicable to review
justice court convictions (CL 1948, § 774.35; GCR 1963,
711.3, 785.1).

4. SAME—REVIEW OF CONVICTIONS—ORDER OF SUPERINTENDING CON-
TROL—DISCRETION OF COURT.
An order of superintending control to review a conviction by a
justice of the peace is not granted as a matter of right, it
being a replacement of the discretionary writ of certiorari
(CL 1948, § 774.35; GCR 1963, 711.3, 785.1).

5. SAME—REVIEW OF CONVICTIONS—ORDER OF SUPERINTENDING .CON-
TROL—DISCRETION OF COURT.
The denial of an order of superintending control to review a
conviction by a justice of the peace will be upheld by the

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am. Jur 2d, Certiorari §§ 2, 3, 43.
[2] 20 Am Jur 2d, Courts §§ 82, 84, 85, 115.
[3–6] 14 Am Jur 2d, Certiorari § 3.
31 Am Jur, Justices of the Peace § 134.
[7] 5 Am Jur 2d, Appeal and Error § 1009.

Court of Appeals in the absence of an abuse of discretion (CL 1948, § 774.35; GCR 1963, 711.3, 785.1).

6. Same—Review of Conviction of Misdemeanor—Order of Superintending Control—Appeal.

Circuit court's denial of discretionary order of superintending control to review plaintiff's conviction by defendant justice of the peace of assault and battery, a misdemeanor violation of a city ordinance, is affirmed, where it was not shown to the circuit court or to the Court of Appeals in what manner and to what extent the appeal procedure provided by statute is inadequate to protect plaintiff's legal rights (CL 1948, §§ 774.34, 774.35; GCR 1963, 711.2, 711.3, 785.1).

7. Costs—Public Question—Order of Superintending Control—Review of Conviction by Justice of the Peace.

No costs are allowed upon affirmance of circuit court's denial of an order of superintending control to review conviction of plaintiff by defendant justice of the peace of a misdemeanor, where plaintiff failed to show legal inadequacy of appeal procedure, issues of a public nature being involved (CL 1948, §§ 774.34, 774.35; GCR 1963, 711.2, 711.3, 785.1).

Appeal from Oakland; Adams (Clark J.), J. Submitted Division 2 October 5, 1965, at Lansing. (Docket No. 618.) Decided November 15, 1965.

Complaint by Edward Paul LaPratt against James Southart, Justice of the Peace for the city of Keego Harbor, to review, by writ of superintending control, a conviction of assault and battery, a misdemeanor violation of a city ordinance. Writ denied. Plaintiff appeals. Affirmed.

*Anthony Renne,* for plaintiff.

*Bond & Dillon* (*William E. Lang,* of counsel), for defendant.

McGregor, J. Plaintiff LaPratt was convicted on February 9, 1965, in the justice court for the city of Keego Harbor, of assault and battery, a misde-

meanor violation of a city ordinance. He was fined $35 and ordered to pay $15 costs. The defendant herein is the justice of the peace before whom plaintiff was tried.

Plaintiff subsequently furnished his recognizance and filed a complaint for an order of superintending control in the circuit court for the county of Oakland. This complaint alleged, among other things, that the city attorney failed to summon or otherwise have present at plaintiff's misdemeanor trial all the *res gestae* witnesses that were known to the prosecution. Upon defendant Southart's motion, the circuit judge dismissed the complaint on the grounds that, since plaintiff La Pratt had an adequate remedy by right of appeal, an order of superintending control should not be issued because of GCR 1963, 711.2. Plaintiff brings this appeal from that order of dismissal.

The issue is whether GCR 1963, 711.2 justifies the denial of a writ of superintending control sought to review conviction in a justice court, under the provisions of CL 1948, § 774.35 *et seq*. (Stat Ann 1954 Rev § 28.1227 *et seq*.). GCR 1963, 711.3 replaced the old common-law writ of certiorari with the order of superintending control. The statutory provisions, therefore, should be construed as if they contained the words "order of superintending control" rather than "writ of certiorari".

Does GCR 1963, 711 have any bearing on criminal proceedings? GCR 1963, 785.1(1) reads as follows:

"The provisions of the rules of civil procedure shall apply to criminal cases, except as otherwise provided by rule or statute, and except when it clearly appears that they apply to civil actions only, or where statutes or special court rules provide a different procedure."

It does not clearly appear to this Court that subrule 711.2 is inapplicable to superintending control

proceedings to review justice court convictions. The statutory provisions do not, on their face, conflict with the court rules:

"A writ of certiorari [order of superintending control] to remove into the circuit court of the proper county a conviction had before a justice of the peace, *may* be allowed by the circuit judge or the circuit court commissioner on the application of the party convicted." CL 1948, § 774.35 (Stat Ann 1954 Rev § 28.1227). (Emphasis supplied.)

The use of the term "may" in the statute indicates that the order of superintending control is not granted as a matter of right. The permissive rather than mandatory language is in keeping with the historical usage of the writ of certiorari.

"The issuance of the writ, in the exercise of superintending control over inferior courts, is not a matter of right, but one of discretion largely. It will be granted or denied according to all the circumstances of each particular case, as the ends of justice may require, and in accordance with sound public policy." Ferris, The Law of Extraordinary Legal Remedies, § 160 (p 181).

Since, under the statute, the issuance of an order of superintending control is discretionary, this Court sees no reason why this discretion should not be controlled by sub-rule 711.2.

"The writ of certiorari is a discretionary one and its issuance by a court having authority will be upheld in the absence of an abuse of discretion." *Asta* v. *Department of Revenue* (1953), 338 Mich 505, 511.

The denial of an order of superintending control will be upheld, likewise, in the absence of an abuse of discretion.

"Where the party seeking to invoke the exercise of a court's superintending control over inferior

tribunals has an adequate remedy by appeal or otherwise in the court whose power is invoked, the power will not be exercised, since the power will be exercised only when there is no other adequate remedy." 112 ALR 1351, 1378.

Since the plaintiff has failed to show in this Court or in the circuit court in what manner or to what extent the appeal procedure provided in CLS 1961, § 774.34 (Stat Ann 1954 Rev § 28.1226) is inadequate to protect his legal rights, the judgment of the trial court in dismissing the complaint for superintending control is affirmed. No costs are awarded because of the public nature of the issues involved.

QUINN, P. J., and WATTS, J., concurred.