### BURTON v. VELOSKY

1. ADMINISTRATIVE LAW AND PROCEDURE—EXHAUSTION OF REMEDIES —JUDICIAL RELIEF.

   Administrative remedies must be exhausted before judicial relief is sought.

2. APPEAL AND ERROR—CERTIORARI—SUPERINTENDING CONTROL—ADMINISTRATIVE LAW AND PROCEDURE—CIVIL SERVICE COMMISSION.

   Review of civil service commission action is by superintending control, formally certiorari (GCR 1963, 711.3).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  42 Am Jur, Public Administrative Law §§ 197–202.
[2]  15 Am Jur 2d, Civil Service § 48.
[3]  15 Am Jur 2d, Civil Service §§ 18, 19, 45.

3. ADMINISTRATIVE LAW AND PROCEDURE—CIVIL SERVICE COMMISSION
   —APPOINTMENT—JUDICIAL RELIEF.

   The county civil service commission act gives the appointing
   authority the choice of either appointing a person certified
   as highest on its promotional list or of making an original
   appointment; consequently, the administrative appointment
   process must be completed before it is challenged in court
   (MCLA § 38.415).

Appeal from Wayne, George T. Martin, J. Submitted Division 1 February 12, 1970, at Detroit. (Docket No. 7,042.) Decided March 25, 1970. Rehearing denied April 20, 1970.

Complaint by John Burton against Joseph Velosky, Thomas V. Lo Cicero, and Albert Zak, individually and as the Wayne County Civil Service Commission, to enjoin defendants from certifying any name other than plaintiff's to the position of Wayne County Medical Examiner. Clara Raven intervened as a defendant and counterclaimed. Summary judgment for plaintiff. Intervening defendant appeals. Plaintiff cross-appeals. Reversed and remanded.

*Ivan E. Barris,* for plaintiff.

*Harold Helper,* for intervening defendant.

Before: QUINN, P. J., and FITZGERALD and R. B. BURNS, JJ.

QUINN, P. J. The paramount issue in this controversy is whether plaintiff or Clara Raven is to be medical examiner of Wayne County. The factual background is:

Early in 1967, the Wayne County medical examiner died suddenly. The county board of super-

visors designated Clara Raven, a deputy medical examiner for several years, acting medical examiner. March 30, 1967, the following resolution was passed:

"Resolved, by the Board of Supervisors of the County of Wayne, this 30th day of March, 1967, that John F. Burton, M.D., be and he hereby is, provisionally appointed as acting medical examiner for Wayne County, effective April 3, 1967, said appointment to be on an interim basis until such time as the medical examiner position may be filled through civil service procedures, and be it further

"Resolved, that the Wayne County Civil Service Commission be and it hereby is requested to approve this provisional appointment, and be it further

"Resolved, that the Civil Service Commission be and it hereby is requested to take immediate and appropriate steps towards the development of an eligible list from which the appointment of a medical examiner may be made on a permanent basis by this board, and be it further

"Resolved, that the chairman of this board be and he hereby is authorized to sign all necessary documents on behalf of this board as appointing authority to effectuate the terms of this resolution."

Pursuant thereto, plaintiff assumed the office of medical examiner April 3, 1967 and retains the office to this date.

June 14, 1968, the civil service commission gave a promotional examination for the purpose of developing an eligibility list from which to fill the office of medical examiner. Plaintiff and Clara Raven were the only persons who took the examination. After evaluating the examinations, the commission determined that Clara Raven was first and prepared

to certify her as the only eligible candidate for the appointment.

June 21, 1968, plaintiff filed his complaint for injunctive relief against the commission on the basis that the factors included by the commission and the methods used in computing examination scores were illegal, and if proper factors and methods had been used in computing the examination scores, he would have been first. On the filing of this complaint, plaintiff obtained an *ex parte* order restraining the commission from using the eligibility list or from certifying any name therefrom for the position of medical examiner. GCR 1963, 718.2 was not complied with in obtaining the *ex parte* restraining order. It was dissolved September 16, 1968 as improvidently granted, and on October 17, 1968, the commission certified Clara Raven to the board of supervisors as being first on the promotional list.

July 10, 1968, Clara Raven was permitted to intervene and her answer contained a motion to dismiss the complaint as prematurely brought because plaintiff had failed to exhaust his administrative remedies before seeking relief in court. This motion has never been specifically ruled on by the trial court. Administrative remedies must be exhausted before judicial relief is sought. *Bennett* v. *City of Royal Oak School District* (1968), 10 Mich App 265. On the record before us we are unable to determine whether plaintiff has exhausted his administrative remedies.

Normally on such a record, we would remand to the trial court for a determination of this question, but other aspects of this litigation lead us to a different conclusion.

By bringing this action as he did, plaintiff prevented completion of the administrative process of appointment. Conceivably, had that process been

completed, no court action by plaintiff would have been required. The statute, CLS 1961, § 38.415 (Stat Ann 1961 Rev § 5.1191[15]), gives the appointing authority the choice of appointing the person certified or to make an original appointment.

The jurisdiction of the trial court is questionable due to the form of plaintiff's action. Review of civil service commission action is by certiorari, *Bischoff v. County of Wayne* (1948) 320 Mich 376, presently, superintending control, GCR 1963, 711.3.

By finding that the examination results were not affected by the application of factors and methods attacked by plaintiff in his action, and the record supports such finding, we believe the question of the propriety of using these factors and methods is moot.

For these reasons, we decline to decide the serious and substantial issues raised by the appeal and cross-appeal. We find a more appropriate solution to be that the administrative appointment process be completed before it is challenged in court.

Reversed and remanded for entry of an order dismissing plaintiff's complaint, intervening defendant's cross-complaint and denying defendant's prayer for affirmative relief. No costs are awarded.

All concurred.