CIVIL RIGHTS COMMISSION *ex rel.* DIXON v FORD MOTOR
COMPANY

1. ADMINISTRATIVE LAW—CIVIL RIGHTS COMMISSION—CONSTITUTIONAL
   LAW—APPEALS FROM AGENCIES.

   The Michigan Civil Rights Commission is an administrative
   agency within the meaning of a section of the Michigan Consti-
   tution governing appeals from administrative agencies (Const
   1963, art VI, § 28).

2. CIVIL RIGHTS—CIVIL RIGHTS COMMISSION—DISCHARGE OF EMPLOYEE
   —FINDINGS OF FACTS—SUPPORT IN RECORD.

   A finding of the Michigan Civil Rights Commission that an
   employee had been discharged from employment because of his
   race and a finding of a circuit court which upheld the commis-
   sion are not supported by competent, material and substantial
   evidence on the record where the plaintiff, a Negro, raised not
   only facts which were sufficient to support an inference of
   racial discrimination by demonstrating that white employees
   were treated differently but also raised facts which rationally
   justify the differing treatment afforded the plaintiff.

Appeal from Ingham, Donald L. Reisig, J. Sub-
mitted December 10, 1976, at Detroit. (Docket No.
27062.) Decided April 18, 1977. Leave to appeal
applied for.

Robert Dixon was discharged from his employ-
ment by the Ford Motor Company. He filed a
complaint with the Michigan Civil Rights Commis-
sion, which determined that Dixon had been
wrongfully discharged. Ford appealed to the cir-
cuit court, which affirmed. Ford appeals. Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 8, 49, 50, 204.
[2] 15 Am Jur 2d, Civil Rights § 148.
   Racial discrimination in labor and employment. 28 L Ed 2d 928.

*Philip Green,* Special Counsel, for the Michigan Civil Rights Commission.

*Joseph A. O'Reilly, James R. Jackson,* and *Richard J. Molloy,* for Ford Motor Company.

Before: Bronson, P. J., and Bashara and C. L. Horn,* JJ.

C. L. Horn, J. Defendant appeals an order of the Ingham County Circuit Court affirming the decision of the Michigan Civil Rights Commission (CRC), which decision held that plaintiff Dixon had been wrongfully discharged from his employment with the defendant on the basis of race. The appeal is taken as of right.

We are faced with two tasks. The first is to determine the proper standard of review to be applied by this Court; the second is to apply that standard to the record made below.

Article 5, § 29 of the Michigan Constitution provides:

"Appeals from final orders of the commission, including cease and desist orders and refusals to issue complaints, shall be tried de novo before the circuit court having jurisdiction provided by law."

Thus, the standard by which circuit court reviews actions of the CRC is clearly delineated. Mention of the duty of this Court on review is, however, conspicuously absent.

Article 6, § 28 of the constitution sets out the role of the courts in reviewing decisions of administrative agencies.

"All final decisions, findings, rulings and orders of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record."

Complimenting that section is the procedure enacted in the Administrative Procedures Act, § 106.

"(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:
"  *  *  *  .

"(d) Not supported by competent, material and substantial evidence on the whole record." MCLA 24.306; MSA 3.560(206).

Since Const 1963, art 6, § 28 speaks in terms of "all" appeals from "any" administrative agency, if it can be said that the CRC is an administrative agency, then it necessarily follows that appeals from the CRC are governed by this section with the exception of first review in circuit court as provided by Const 1963, art 5, § 29.

We are of the opinion that the CRC is an administrative agency within the meaning of art 6, § 28. It cannot be doubted that its actions are "judicial or quasi-judicial and affect private rights". Const 1963, art 6, § 28. It would appear that the Supreme Court is also of this opinion, referring to dictum in *Viculin v Dept of Civil Service,* 386 Mich 375, 385–386, fn 11; 192 NW2d 449 (1971).

We therefore proceed to a determination of whether the decision of the CRC is supported by competent, material and substantial evidence on the whole record.

Robert Dixon (hereafter referred to as plaintiff) was a probationary employee of the defendant. On November 19, 1968, plaintiff was discovered by his supervisor urinating at his work station on the assembly line. The plaintiff was constructively fired by being given the option to be fired outright or sign a "quit slip". Plaintiff chose the latter.

Two days later plaintiff walked into the plant employment office and was hired to work in another department. When the plaintiff's presence in the plant was discovered by his former supervisor, the supervisor reported the earlier episode to personnel, resulting in a second firing.

Plaintiff contends his actions on the line were necessitated by the failure of his relief to show up at the appointed time and company policy forbidding line workers to leave their station for any reason.

Plaintiff introduced evidence of two instances in which other employees were caught in the same compromising position but were not fired. Both other employees were white and both were seniority (as opposed to probationary) employees. Plaintiff is Negro. Plaintiff argues, and the CRC agreed, that he was fired where the others were not because of his race. The circuit court found as follows:

"This court finds, based upon the record, total record I've reviewed denovo, Mr. Vaughn's protestations aside, that the record supports the inference that an employee or employees of Ford Motor Company did more likely

than not consider the claimant's race or color in making their determination to discharge him and to rediscarge him after he was rehired. This decision is based upon the totality of the record, including the fact that two white men allegedly guilty of the same infraction were not so disciplined, the court recognizing again that racial discrimination is not subject to direct, positive and uncontroverted proof in all instances, that at the same time recognizing that the actions taken by subordinate personnel within the Ford Motor Company are not necessarily policies of the Ford Motor Company but the doctrine of respondeat superior."

Reviewing the entire record we cannot hold that this conclusion is supported by competent, material and substantial evidence. By demonstrating that white employees were treated differently, plaintiff raised facts sufficient to support an inference of racial discrimination. However, by showing that both white employees were also seniority workers, plaintiff made facts of record which rationally justify the differing treatment afforded plaintiff.

We are acutely aware that discrimination is only rarely susceptible of direct proof. The vast majority of such cases must be proven circumstantially, thus, we are sensitive to circumstances which lend themselves to interpretation as discriminatory. However, a case which can only be proven circumstantially can normally only be rebutted in the same fashion. We must be careful in our search for discrimination not to reduce the showing required of the plaintiff to production of any evidence at all. Rather, on the whole record it must appear that the plaintiff should prevail in order to award the relief he seeks. It does not appear so in this case.

Reversed. Costs to defendant.