### DIXON v FORD MOTOR COMPANY

Docket No. 59761. Decided February 27, 1978. On application by the Civil Rights Commission for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decision of the Court of Appeals and reinstated the judgment of the circuit court. Rehearing denied *post*, p 966.

Robert Dixon brought a complaint before the Civil Rights Commission charging that his employer, Ford Motor Company, had discharged him as a result of racial discrimination. The commission determined that the plaintiff had been wrongfully discharged. The Ingham Circuit Court, Donald L. Reisig, J., affirmed. The Court of Appeals, Bronson, P. J., and Bashara and C. L. Horn, JJ., reversed on the ground that the circuit court's decision was not "supported by competent, material and substantial evidence" (Docket No. 27062). The Civil Rights Commission applies for leave to appeal. *Held:*

The Court of Appeals, in reviewing the decision of the circuit court, applied the wrong standard of review. Appeal to the circuit court from a final order of the Civil Rights Commission is a trial *de novo*. Appeal to the Court of Appeals from the circuit court is governed by the "clearly erroneous" standard of the court rules; the constitutional standard for judicial review of an agency action, competent, material and substantial evidence on the whole record, is not a higher standard. The Court of Appeals must make an independent review of the whole record, and, if it concludes that the judgment on appeal is not supported by competent, material and substantial evidence on the whole record, then it should have a definite and firm conviction that a mistake has been committed, the standard of the court rules. On the record in this case the decision of the circuit court cannot properly be said to be clearly erroneous.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

75 Mich App 59; 254 NW2d 652 (1977) reversed.

*Philip Green,* Special Counsel, for Civil Rights Commission.

*James R. Jackson* and *Theodore C. Miloch* for defendant.

Per Curiam. Plaintiff Robert Dixon was employed by the defendant Ford Motor Company as a probationary employee when, on November 19, 1968, he was discovered by his supervisor urinating at his work station. Plaintiff was given the option of being fired outright or signing a "quit slip". Plaintiff signed the "quit slip".

Two days later, however, plaintiff went to the plant's employment office and was hired to work in another department of the defendant. Plaintiff's new position was soon discovered, and he was fired.

On November 26, 1968, plaintiff filed a complaint with the Michigan Civil Rights Commission, alleging that his discharge was the result of racial discrimination. A hearing was held which resulted in a finding by the hearing officer of no discrimination. The Civil Rights Commission, however, did find discrimination and ordered that plaintiff be reinstated to his former position with back pay.

Thereafter, defendant appealed to the Ingham Circuit Court. The matter was heard *de novo* in that court, though no new witnesses or evidence were introduced. On August 25, the circuit court issued an oral opinion in which it found:

"This court finds, based upon the record, total record I've reviewed *de novo,* Mr. Vaughn's protestations aside, that the record supports the inference that an employee or employees of Ford Motor Company did more likely than not consider the claimant's race or color in making their determination to discharge him and to redischarge him after he was rehired. This decision is based upon the totality of the record, including the fact that two white men allegedly guilty of the same infraction were not so disciplined, the court recog-

nizing again that racial discrimination is not subject to direct, positive and uncontroverted proof in all instances, that at the same time recognizing that the actions taken by subordinate personnel within the Ford Motor Company are not necessarily policies of the Ford Motor Company but the doctrine of respondeat superior."

Defendant appealed to the Court of Appeals. The Court concluded that the scope of its review of the circuit court judgment was to ascertain whether the decision below was "supported by competent, material and substantial evidence". 75 Mich App 59, 62; 254 NW2d 652 (1977). The Court found that it was not.

"By demonstrating that white employees were treated differently, plaintiff raised facts sufficient to support an inference of racial discrimination. However, by showing that both white employees were also seniority workers, plaintiff made facts of record which rationally justify the differing treatment afforded plaintiff."

We conclude that the Court of Appeals, in reviewing the decision of the circuit court, applied the wrong standard of review.

An appeal to the circuit court from a final order of the commission is a trial *de novo*.[1] The Court of Appeals was of the opinion that although it was reviewing the case on appeal from the circuit court since Const 1963, art 6, § 28,[2] and MCLA

---

[1] "Appeals from final orders of the [Michigan Civil Rights] commission, including cease and desist orders and refusals to issue complaints, shall be tried de novo before the circuit court having jurisdiction provided by law." Const 1963, art 5, § 29.

[2] Const 1963, art 6, § 28 provides in pertinent part:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such

24.306; MSA 3.560(206)[3] require a determination whether the judgment of the circuit court was "supported by competent, material and substantial evidence on the whole record", its review was not governed by the "clearly erroneous" standard contained in GCR 1963, 517.1.[4]

The constitutional standard for judicial review of agency action—competent, material and substantial evidence on the whole record—is not a higher standard than the "clearly erroneous" standard of rule 517.1. Rule 517.1 requires that the reviewing court substitute its own appraisal of the record where, on review of the "whole record", it is "left with the definite and firm conviction that a mistake has been committed". *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976). If the reviewing court, the Court of Appeals, concludes on its examination of the record that the judgment on appeal is not supported by "competent, material and substantial evidence on the whole record", then it should have a "definite and firm conviction that a mistake has been committed".

We conclude that when the circuit court, on appeal from a final order of the Michigan Civil

final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record."

[3] MCLA 24.306(1)(d); MSA 3.560(206)(1)(d) provides:

"(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside the decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

\* \* \*

"(d) Not supported by competent, material and substantial evidence on the whole record."

[4] "Findings of fact shall not be set aside unless clearly erroneous." GCR 1963, 517.1.

Rights Commission, tries the matter *de novo,* and then issues a judgment, that judgment is a final one from which a claim of appeal as a matter of right may be filed in the Court of Appeals. *Jones v Chrysler Corp,* 394 Mich 432; 231 NW2d 642 (1975). Since it is a final judgment of the circuit court, GCR 1963, 517.1 is applicable.

The circuit court in this case specifically found that the defendant, in discharging plaintiff, had done so on the basis of racial discrimination. The Court of Appeals must make an independent review of the whole record but cannot substitute its own judgment unless left with the definite and firm conviction that a mistake has been committed.

This case had its genesis in 1968. To remand to the Court of Appeals for a determination of whether the findings of the circuit court were clearly erroneous would only further delay ultimate disposition of this case. Accordingly, we have reviewed the record in the instant case rather than remand to the Court of Appeals.

We are not persuaded that the findings of fact of the circuit court were clearly erroneous. The circuit court was faced with a situation in which a black probationary employee, guilty of essentially the same misconduct as two white employees with seniority, was discharged while the white employees were not. The fact that the plaintiff was a probationary employee while the employees who were not discharged were employees with seniority does not indicate that the circuit court clearly erred. The record indicates that the plaintiff had an unblemished work record while the two employees who were not disciplined did not. Based upon this evidence, the circuit court could properly conclude that the discipline visited on the plaintiff

was based on racial considerations and therefore improper. It cannot properly be said that the decision of the circuit court was clearly erroneous.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4) we reverse the decision of the Court of Appeals and reinstate the judgment of the circuit court.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.