BURRELL *v.* ANNAPOLIS HOSPITAL
KEY *v.* ROMULUS TOWNSHIP SCHOOLS
OPINION OF THE COURT

1. CIVIL RIGHTS—APPEAL AND ERROR—FINAL ORDERS—TRIAL DE NOVO.
    Appeals from final orders of the Civil Rights Commission shall be tried *de novo* in the circuit court (Const 1963, art 5, § 29).

2. CIVIL RIGHTS—APPEAL AND ERROR—FINAL ORDERS—JURY TRIAL.
    A jury trial is not available under any circumstances in cases where final orders of the Civil Rights Commission are appealed to circuit court.

3. CIVIL RIGHTS—APPEAL AND ERROR—TRIAL DE NOVO.
    The term "tried *de novo*" as applied to appeals to circuit court from final orders of the Civil Rights Commission means a full new evidentiary hearing before the circuit judge; however, the parties can, if they so choose and properly stipulate, agree to submission of the record made and transcribed before the Commission for a complete and independent reassessment by the circuit judge (Const 1963, art 5, § 29).

DISSENT IN PART AND CONCURRENCE IN PART
BY V. J. BRENNAN, J.

4. CIVIL RIGHTS—APPEAL AND ERROR—CONSTITUTIONAL LAW.
    *The provision governing appeals from the Civil Rights Commission, being a constitutional provision, does not violate the constitutional provision that no person exercising powers of*

REFERENCE FOR POINTS IN HEADNOTES
[1–6] 15 Am Jur 2d, Civil Rights § 63 *et seq.*

one branch of government shall exercise powers properly belonging to another branch except as expressly provided in the Constitution (Const 1963, art 3, § 2).

5. CIVIL RIGHTS—APPEAL AND ERROR—TRIAL DE NOVO.
Appellants from adverse final orders of the Civil Rights Commission are entitled to a complete new trial in circuit court, not merely some form of review based on the record before the Civil Rights Commission (Const 1963, art 5, § 29).

6. CIVIL RIGHTS—APPEAL AND ERROR—JURY TRIAL.
An appellant from a final order of the Civil Rights Commission is entitled to a jury trial upon demand if the nature of the relief sought is legal, not equitable, in nature; however, since the primary relief available to a complainant before the Civil Rights Commission is a cease and desist order, an equitable relief, trial by jury would usually be precluded.

Appeal from Wayne, Thomas J. Roumell, Theodore R. Bohn, and James N. Canham, JJ. Submitted Division 1 June 11, 1971, at Detroit. (Docket Nos. 8842, 8843.) Decided October 26, 1971.

Complaint before the Michigan Civil Rights Commission by Earleen Burrell against Annapolis Hospital (No. 8842). Complaint before the Civil Rights Commission by James A. Key against the Romulus Township Schools (No. 8843). Orders entered by the Commission against defendants. Defendants appealed to Wayne Circuit Court. Judgment for plaintiffs. Defendants appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William F. Bledsoe,* Assistant Attorney General, for the Civil Rights Commission.

*Cozadd, Shangle & Smith,* for Annapolis Hospital.

*B. B. Mosier,* for Romulus Township Schools.

*Amicus Curiae:* Chrysler Corporation, by *Dickinson, Wright, McKean & Cudlip* (by *Lawrence M. Kelly*).

Before: Quinn, P. J., and V. J. Brennan and O'Hara,[*] JJ.

O'Hara, J.   In the main we agree with Judge Brennan in his interpretation of the constitutional language providing that appeals from final orders of the Civil Rights Commission shall be tried *de novo.*[1]

We cannot, however, agree that whether an appellant is entitled to a trial by jury, advisory or otherwise, is dependent on the "nature of the relief sought". We are obligated to say that such a conclusion is to us legally unsound.

Rather, we hold that trial by jury is not available to either party under any circumstance. We so hold for the following reasons: When the constitutional convention included specifically, in the granted trial *de novo* on appeal, both cease and desist orders and refusals to issue complaints along with all other final orders of the commission, it evidenced conclusively the intention that the nature of the trial *de novo* on appeal be uniform. We cannot read that language to mean a jury trial in some instances and not in others. Indeed, there is in such construction at least a suggestion of an equal protection clause question.

It seems to us manifest that there is simply no feasible manner in which to submit to a jury the question of whether a complaint should have issued. The practical problems are virtually insurmount-

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6 § 23 as amended in 1968.

[1] See Const 1963, art 5, § 29.

able. The evidentiary questions alone would extend such an appeal almost to infinity. By its very nature, this is the type of proceeding best handled by a judge sitting without a jury. Since the delegates were so pointedly explicit in their language in all other respects, if "tried *de novo* before the circuit court" had meant trial by jury the convention would have used language expressly providing for it.

In holding that "tried *de novo*" means a full new evidentiary hearing before the circuit judge, we do not mean that the parties cannot, if they so choose and properly so stipulate, agree to submission of the appeal on the record made and transcribed before the commission for a complete and independent reassessment thereof by the circuit judge. It seems to us that the foregoing construction of the new constitutional provision insures at once uniformity of appellate right, and also that degree of flexibility which would not necessitate in every case a full rehearing of all the witnesses who testified in the proceedings before the commission.

QUINN, P. J., concurred.

V. J. BRENNAN, J. (*dissenting in part and concurring in part*). The plaintiffs in this case allege to have been aggrieved by final orders of the Michigan Civil Rights Commission. They appealed to the Wayne County Circuit Court. The presiding judge of that court convened a three-judge panel to hear and decide certain issues common to these cases. The controversy sought to be resolved in this manner was the meaning of the following provision of the Michigan Constitution of 1963:

"Appeals from final orders of the [civil rights] commission, including cease and desist orders and

refusals to issue complaints, shall be *tried de novo* before the circuit court having jurisdiction provided by law." Const 1963, art 5, § 29. (Emphasis added.)

The three-judge panel construed this provision to mean that review of final orders of the Civil Rights Commission should be in the nature of *certiorari,* and that "the function of the circuit court in such a proceedings (*sic*) would be to review for legal error or arbitrary action the findings of fact and decisions of the civil rights commission".[1] From this judgment of the circuit court, plaintiffs appeal and argue that the cited provision of the Michigan Constitution entitles them to a complete new trial, not merely a review of the proceedings before the commission; in addition, plaintiff Romulus Township Schools argues that it is entitled to a jury trial upon demand.

The circuit court based its decision on two factors: first, the similarity between the language of art 5, § 29, *supra,* the appeal provision of the statute organizing the constitutionally-created Civil Rights Commission (MCLA § 37.4 [Stat Ann 1969 Rev § 3.548(4)]), and the statutory procedure for review of final orders of the now defunct Fair Employment Practices Commission (hereinafter referred to as FEPC) (MCLA § 423.308 and § 423.310 [Stat Ann 1968 Rev § 17.458(8) and § 17.458(10)], repealed by PA 1963 [2d Ex Sess], No. 45, § 7)[2]; and, second, the fact that the statute providing for appeals from final orders of the FEPC had been interpreted by the Michigan Supreme Court to provide for review in the nature of *certiorari. Lesniak* v. *Fair Employment Practices Commission* (1961), 364 Mich 495.

---

[1] Opinion of three-judge panel, Wayne County Circuit Court, filed December 11, 1969, page 5.

[2] These former provisions are reproduced in *Lesniak* v. *Fair Employment Practices Commission* (1961), 364 Mich 495.

It is clear that the constitutional language here in question was derived from the appeal provisions of the old FEPC. Delegate Higgs, who introduced the language here in question, as an amendment by addition to the portion of the constitution establishing the Civil Rights Commission, stated:

"The background of this particular sentence is actually a digest of MSA section 17.458(8), a part of the Michigan state fair employment practices act. * * * I think, in view of the experience that the state has had * * * that this practice has been satisfactory." 2 Official Record, Constitutional Convention 1961, p 3118.

It is also clear that the delegates to the constitutional convention had a definite opinion as to the meaning of the language chosen. Delegate Higgs explained that:

"The words *de novo,* of course, mean a new trial. It means that a person who is really aggrieved has the opportunity to re-present his evidence before a court of law." 2 Official Record, *supra.*

Delegate Garvin, speaking in favor of the amendment stated:

"I believe that the amendment of delegate Higgs is rather in line with the general intent to give the person aggrieved, whether he be plaintiff or defendant, the right to have a new trial before a court. *De novo*' means 'anew', which means that they shall try the case from the beginning, before the circuit court." 2 Official Record, *supra.*

From the discussion of this language on the floor of the constitutional convention, three things become clear: (1), none of the delegates who spoke to this issue were aware of the decision of the Supreme

Court in *Lesniak, supra*[3]; (2), the delegates were of
the opinion that the Fair Employment Practices Act
provided for a new trial in the circuit court when a
decision of the FEPC was appealed; and (3), it was
the express intent of the delegates that appellants
from final orders of the Civil Rights Commission be
entitled to a complete new trial in the circuit court.
Since the delegates placed their own interpretation
on the language they had chosen, the fact that it is
similar to statutory language which had been given
a different interpretation is irrelevant.

Furthermore, the rationale used by the Supreme
Court in *Lesniak* is inapplicable in construing the
new constitutional language. In *Lesniak,* the Court
held that interpreting the *de novo* review provision
of the Fair Employment Practices Act to mean a
new trial would violate a constitutional prohibition
against one branch of government exercising the
powers of another. That same provision exists in
our present constitution. Article 3, § 2 provides, in
pertinent part, that "No person exercising powers of
one branch [of government] shall exercise powers
properly belonging to another branch *except as ex-
pressly provided in this constitution*". (Emphasis
added.)

The appeal provision for the FEPC, being *stat-
utory* in origin, ran afoul of such a provision. The
appeal provision for the Civil Rights Commission,
being *constitutional* in origin, does not suffer the
same fate. A constitutionally prescribed review
procedure is not violative of a constitutional pro-
scription which exempts other constitutional provi-
sions from its ambit. I feel, therefore, that the
constitution entitles appellants from adverse deci-
sions of the Civil Rights Commission to a complete

---

[3] *Lesniak* was decided on November 30, 1961. The language here
in question was added to the constitution on May 8, 1962.

new trial, and not merely some form of review based on the record before the Civil Rights Commission.

Having determined that plaintiffs are entitled to a new trial, I now consider the contention that they are entitled to trial by jury. Both the constitutional provision involved and the proceedings of the Constitutional Convention are silent on this point. From this silence I conclude that whether appellants from final orders of the Civil Rights Commission are entitled to a jury trial upon demand should be determined in the same manner that issue is resolved in all civil cases, *i.e.*, according to the nature of the relief sought. The primary relief available to complainants before the Civil Rights Commission, the cease and desist order, is equitable in nature. While legal issues may be involved, *e.g.*, a claim for back wages, the basic equitable nature of the action would preclude trial by jury. The trial judge would, however, still retain the option of impanelling an advisory jury pursuant to GCR 1963, 509.4.

Reversed and remanded.