REMICK *v* BURGE

CIVIL RIGHTS—CIVIL RIGHTS COMMISSION—APPEAL AND ERROR.
Circuit court's affirmance of Michigan Civil Rights Commission refusal to issue a discrimination complaint, although based upon the constitutional provision regarding appeals from final decisions of administrative agencies rather than upon the constitutionally-required trial *de novo* provision in civil rights cases, was affirmed where the appellate court, upon review of the whole record, concluded that the circuit court would have reached the same result if it had applied the proper standard of review (Const 1963, art 6, § 28; art 5, § 29).

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 January 12, 1972, at Lansing. (Docket No. 11859.) Decided March 24, 1972.

Complaint by Leonard R. Remick before the Michigan Civil Rights Commission against Donald A. Burge, Prosecuting Attorney of Kalamazoo County. Complaint dismissed. Plaintiff appealed to circuit court. Affirmed. Plaintiff appeals. Affirmed.

*Krolikowski & Remick,* for plaintiff.

---

REFERENCE FOR POINTS IN HEADNOTE
15 Am Jur 2d, Civil Rights § 11 *et seq.*

*Farhat, Burns & Story, P. C.* (by *E. Michael Stafford*), for defendant.

Before: DANHOF, P. J., and T. M. BURNS and O'HARA,* JJ.

O'HARA, J.  The Const 1963, art 5, § 29, provides *inter alia:*

"There is hereby established a civil rights commission which shall consist of eight persons, not more than four of whom shall be members of the same political party, who shall be appointed by the governor, by and with the advice and consent of the senate, for four-year terms not more than two of which shall expire in the same year. It shall be the duty of the commission in a manner which may be prescribed by law to investigate alleged discrimination against any person because of religion, race, color or national origin in the enjoyment of the civil rights guaranteed by law and by this constitution, and to secure the equal protection of such civil rights without such discrimination."

Plaintiff-appellant sought the issuance of a complaint against his employer on the ground that his employment was discriminatorily terminated. The discrimination appellant asserted was age.

The commission accepted his petition for a complaint. On the merits it refused to issue it. A referee hearing was held and the referee affirmed the commission action. The circuit court, upon the prescribed *de novo* hearing, affirmed on the ground that the holding sought to be reviewed was supported by "competent material and substantial evidence". The wording was taken verbatim from Const 1963, art 6, § 28, covering the final decisions, rulings, or

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

orders of "any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial".

We recently spoke to the standard to be applied in a *de novo* review of final orders of this commission. See *Burrell* v *Annapolis Hospital,* 36 Mich App 537 (1971).

The trial judge very likely did not have this opinion available at the time of his review. However, after having carefully examined the whole record, we conclude that the result he reached would be identical under the constitutionally provided and judicially interpreted trial *de novo.*[1]

We are obligated to affirm.

All concurred.

---

[1] We note that the appellee employer did not challenge the jurisdiction of the commission to entertain a complaint alleging discrimination based upon age, and hence we do not pass upon the issue.