**John H. KELLY, Jr.**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al.**

**Civ. No. K–78–1631.**

United States District Court,
D. Maryland.

April 9, 1979.

John H. Kelly, Jr., pro se.

Calvin Washington, Legal Counsel Div., Equal Employment Opportunity Commission, Washington, D. C., and John MacColl, Asst. U. S. Atty., Baltimore, Md., for defendants.

FRANK A. KAUFMAN, District Judge.

Proceeding *pro se*, plaintiff seeks damages from the Equal Employment Opportunity Commission (EEOC), as an entity; from the Acting District Director, Baltimore District Office; and from one of the members of the staff of that office. The latter person was directly responsible for processing a charge filed by plaintiff with the Baltimore District Office of the EEOC. In that charge, plaintiff complained that he had been discriminated against by Bethlehem Steel Corporation on the basis of his sex, and that the Union to which the plaintiff belonged had failed adequately to represent him because of his sex. The EEOC determined that there was no reasonable cause to believe that Bethlehem Steel Corporation, the employer of the plaintiff, had discriminated against him because of his sex or that the Union had failed adequately to represent plaintiff. The EEOC issued to plaintiff, in accordance with applicable law and regulation, a 90-day right-to-sue letter. Plaintiff, in Civil No. H–78–1632, *Kelly v. Bethlehem Steel Corporation, et al.*, has, pursuant to that right-to-sue letter, filed suit in this Court alleging Title VII violations. That case was originally assigned to

the undersigned judge but was later transferred by the undersigned judge to Judge Herbert F. Murray of this Court at the suggestion of counsel for Bethlehem Steel Corporation because the substantive issues raised in connection with what was described by company counsel as "reverse discrimination" are the same issues which are present in two other cases brought by two other Bethlehem Steel employees against that company in this Court pursuant to right-to-sue letters issued to the plaintiffs in those cases by the EEOC. At the time the undersigned member of this Court transferred, with Judge Murray's consent, Civil No. K–78–1632, the undersigned had no understanding that there was pending before him the within case. Indeed, that knowledge was not learned by this Court or by counsel for defendants in this case until the hearing in this case on defendants' Motion to Dismiss was well underway.

In essence, plaintiff herein seeks the award of damages because of the alleged negligent performance of duties by the defendants. Plaintiff asserts that if defendants had carefully investigated his charges, they would have uncovered sufficient information to have determined that there was reasonable cause to believe that Bethlehem Steel Corporation had violated Title VII standards, but that defendants simply did not appropriately perform their duties. The Congress has provided for a person, who files a charge with the EEOC and who is not satisfied with the action which the EEOC takes in connection with that charge, to have the right to assert in a *de novo* proceeding in a federal district court his claims of Title VII violations. Plaintiff has indeed exercised that right in the case pending before Judge Murray.

The Congress has not provided in its legislation for any right of action by such a person against any official or employee of the EEOC, or against the EEOC itself, either for damages or for any other relief. The principles of *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), considered in the light of the structure of the legislation and the legislative history of Title VII, make it clear that there does not exist any implied right of action on the part of a person such as plaintiff against one or more of the defendants in this type of case. The reasoning in that connection of Judge Peckham in *Hall v. EEOC*, 456 F.Supp. 695 (N.D.Cal.1978), is most persuasive and convincing. Nor does the Administrative Procedure Act provide for any review in a case such as this one since the EEOC has not engaged in any final action. *See Georator Corporation v. EEOC*, 592 F.2d 765 (4th Cir. 1978); *Hall v. EEOC, supra; Stewart v. EEOC*, 17 E.P.D. ¶ 8507 (N.D.Ill.1978).

Defendants also assert that plaintiff enjoys no liberty or property rights, *see Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Roth v. Board of Regents*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); that plaintiff has asserted no violation of any constitutional right; and that, pursuant to the principles of *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), and other cases establishing absolute or qualified immunity for federal officials, the two individual defendants herein are immune from any claims for damages. It is not necessary herein to decide any of those constitutional, liberty-property or immunity issues (though defendants certainly have stated strong positions in connection therewith) in view of the Congress' failure to grant to plaintiff the express right to proceed against defendants in a case such as this, in view of the lack of any implied cause of action and in view of the inapplicability of the Administrative Procedure Act.

Accordingly, judgment will be entered for defendants in this case.