**Walter C. LAMBERT, Plaintiff,**

v.

**ROCKWELL INTERNATIONAL CORPORATION, Defendant.**

**Civ. No. 80–72447.**

United States District Court,
E. D. Michigan, S. D.

July 22, 1981.

Rudy Huizenga, Donnelly & Associates, P. C., Detroit, Mich., for plaintiff.

Russell J. Thomas, Jr., Pepper, Hamilton & Scheetz, Detroit, Mich., for defendant.

## OPINION AND ORDER

COHN, District Judge.

This is an action brought directly and exclusively under the Michigan Civil Rights Act, M.S.A. § 3.548(101) *et seq.* (Elliot-Larsen) [M.C.L.A. § 37.2101 et seq.] alleging age discrimination; it was removed by defendant Rockwell International Corporation to this Court from Oakland County, Michigan, Circuit Court on grounds of diversity. Defendant now moves to strike plaintiff's demand for a jury trial on two grounds: (1)

analogy to Title VII of the Civil Rights Act of 1964 (Title VII); and (2) as those complainants who exhaust administrative remedies are entitled to *de novo* review in the state circuit courts under M.S.A. § 3.548(606) [M.C.L.A. § 37.2606] but without a jury, "legal symmetry" demands that those complainants who begin directly by filing suit under Elliot-Larsen without pursuing the administrative process also have their cases tried without a jury.

Plaintiff responds that he is entitled to a jury trial under Elliot-Larsen since: (1) if an analogy to federal statute is to be made, it should be to the Age Discrimination in Employment Act (ADEA) rather than Title VII; (2) the statute itself provides for direct action without any apparent legislative concern for "legal symmetry"; and (3) under the Supreme Court test in *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), the right to jury trial under Elliot-Larsen should be preserved.

### I.

The starting point of the analysis is Elliot-Larsen itself, for if it provides for trial by jury the Court need go no further. The statute provides for direct court action without regard to administrative exhaustion. M.S.A. § 3.548(801) [M.C.L.A. § 37.-2801]. Under the predecessor of Elliot-Larsen, the Fair Employment Practices Act (FEPA), a direct action had been implied by the Michigan Supreme Court in *Pompey v. General Motors*, 385 Mich. 537, 189 N.W.2d 243 (1971). Direct court action was made explicit in Elliot-Larsen. *See Holmes v. Haughton Elevator Co.*, 404 Mich. 36, 43 n.4, 272 N.W.2d 550 (1978).

The statute itself does not specifically provide for trial by jury. Rather, M.S.A. §§ 3.548(801)(1) and 3.548(803) [M.C.L.A. §§ 37.2801(1), 37.2803] provide:

"A person alleging a violation of this act may bring a civil action for appropriate injunctive relief *or damages* or both." M.S.A. § 3.548(801)(1).

"This act shall not be construed to diminish the right of a person to direct or immediate *legal or equitable remedies* in the courts of this state." M.S.A. § 3.548(803). (emphasis supplied).

Not only does the statutory language fail to indicate whether a jury trial is available, no Michigan cases have been cited on the issue.[1] Thus there appears to be no Michigan authority determining whether there is a jury trial right under Elliot-Larsen.

## II.

■ The right to trial by jury in the federal courts is to be determined as a matter of *federal* law in actions jurisdictionally grounded in diversity as well as other actions. In diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law under the command of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law. *Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963).

The federal policy favoring trial by jury is of historic and continuing strength. *Simler, supra*. The test for determining whether a state-created action is "legal" for purposes of a right to jury trial under the Seventh Amendment or "equitable" in nature was set forth in *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970):

"As our cases indicate, the 'legal' nature of an issue is determined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and third, the practical abili-

ties and limitations of juries." 396 U.S. at 538 n.10.

■ The FEPA was analyzed under the *Ross* test in *Branham v. Massey-Ferguson*, 15 FEP Cases 111 (E.D.Mich.1977). There Judge Churchill of this district held that discrimination actions in both Michigan and federal courts are historically the type which would have been brought in a court of law. He analyzed the remedies available under the Michigan statute and determined them to be "legal" in nature. Those remedies have been maintained and broadened under Elliot-Larsen,[2] which specifically allows actions for "appropriate ... damages", M.S.A. § 3.548(801) [M.C.L.A. § 37.-2801]. Finally, Judge Churchill held that discrimination actions are well within the abilities and limitations of juries.

Defendant cites nothing persuasive to the Court to impeach Judge Churchill's analysis, which is strengthened by the increased remedial scope of Elliot-Larsen. Reliance on *Flaig v. Bendix Corporation*, 488 F.Supp. 336, 337–38 (E.D.Mich.1980), is unwarranted. The opinion in *Flaig* does not contain the analysis by which the jury demand under FEPA was stricken. It is not precedent for this Court to follow.

## III.

Further support for the availability of a jury trial under Elliot-Larsen can be found by comparing its language to that of other federal statutes. Defendant argues for an analogy to Title VII, which provides:

"the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include reinstatement or hiring of em-

---

1. Cases in the state courts brought under both Elliot-Larsen and FEPA have been and currently are being tried by juries. *See Gallaway v. Chrysler Corp.*, 105 Mich.App. 1, 306 N.W.2d 368 (1981).

2. Contrary to defendant's assertion, Elliot-Larsen is not a mere re-enactment of FEPA. It contains a specific statutory section on reme-

dies and has been interpreted to provide a broader remedial scope than FEPA. *See Washington v. Patent Scaffolding*, Civil No. 78–71258 (E.D.Mich.1981) (compensatory damages for mental anguish available under Elliot-Larsen); *Freeman v. Kelvinator, Inc.*, 469 F.Supp. 999, 1003 (E.D.Mich.1979).

ployees, with or without back pay . . ." 42 U.S.C. § 2000e–5(g).

There is of course no jury trial right under Title VII. *Baker v. City of Detroit*, 458 F.Supp. 379 (E.D.Mich.1978). However, the language of Elliot-Larsen is much closer in scope to the language used in the ADEA:

"In any action brought to enforce this chapter the court shall have jurisdiction to grant such *legal and equitable relief* as may be appropriate to effectuate the purposes of this chapter . . ." 29 U.S.C. § 626(b) (emphasis added).

"Any person aggrieved may bring a civil action in any court of competent jurisdiction for such *legal and equitable relief* as will effectuate the purposes of this chapter . . ." 29 U.S.C. § 626(c)1 (emphasis added).

The Supreme Court held that this language, along with Congress' implicit adoption of the FLSA remedies provisions in § 626(b), guaranteed a right to jury trial under ADEA. *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978).[3]

The language of M.S.A. § 3.548(801) & (803) [M.C.L.A. §§ 37.2801, 37.2803] is broader than the language under Title VII and more closely approaches the language of the ADEA. Monetary relief under Title VII is limited to back pay, a limitation which does not appear in Elliot-Larsen. *See Darnell v. Eastern Airlines*, Civil No. 78–71470 (E.D.Mich.1979) (Elliot-Larsen remedies broader than Title VII). This Court has held the remedies under Elliot-

Larsen include additional "legal remedies" such as mental anguish damages which it held were not available even under the ADEA. *Compare Washington v. Patent Scaffolding*, note 2 *supra, with Grembos v. City of Allen Park*, Civil No. 79–70099 (E.D. Mich.1981) (opinion in accord with two other judges of this district regarding non-availability of exemplary and compensatory damages under ADEA).

The sweeping "legal" remedies available under Elliot-Larsen make it much more analogous to ADEA than Title VII. That the ADEA carries a right to jury trial supports a similar finding as to Elliot-Larsen.

## IV.

Defendant's final argument is one of legal "symmetry". Under Elliot-Larsen an aggrieved party may seek legal redress in court via two methods. The first is by direct court action under M.S.A. § 3.548(801) [M.C.L.A. § 37.2801] as in this case. The second is by filing a charge with the Michigan Civil Rights Commission, which after investigation arrives at an administrative determination whether the Act has been violated. A party aggrieved by the Commission's determination may "appeal" to circuit court and may either have a *de novo* hearing or *de novo* review of the administrative record. M.S.A. § 3.548(606) [M.C.L.A. § 37.2606]. Under at least one case from the Michigan Court of Appeals,

---

**3.** The Supreme Court's decision was "adopted" when Congress amended the ADEA in 1978 to expressly provide for a jury trial on issues of damages. *See* 29 U.S.C. § 626(c)2.

*Lehman v. Nakshian*, —— U.S. ——, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), may be read as re-affirming the analysis in *Lorillard*. In *Nakshian* the Court held a federal employee had no right to a jury trial under ADEA. Suits by federal employees are provided for in 29 U.S.C. § 633a, which was added in 1974. The Court held that § 633a adopted the Title VII remedial plan rather than the FLSA plan and so distinguished *Lorillard*. It also held the word "legal" in § 633a did not guarantee a jury since federal sovereign immunity waiver does not invoke the Seventh Amendment. Since neither argument holds for suits against private par-

ties, *Lorillard's* analysis is still valid. Defendant's claim that *Nakshian* "limits" *Lorillard* has no merit.

Just as 29 U.S.C. § 626(c)2 apparently contemplates a jury trial on damages with issues of equitable relief being tried to the Court, plaintiff's prayer for equitable relief in the form of reinstatement may be tried to the Court while his prayer for compensatory and exemplary damages may be contemporaneously tried by a jury. The right to jury trial may not be defeated by characterizing plaintiff's prayer for damages as "incidental" to his prayer for reinstatement, especially since the prayer for equitable relief was added in his amended complaint. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 470–73, 82 S.Ct. 894, 896–97, 8 L.Ed.2d 44 (1962).

actions brought under this section even for a *de novo* hearing do not carry a right to jury trial. *Burrell v. Annapolis Hospital,* 36 Mich.App. 537, 539, 193 N.W.2d 900 (1971). Defendant argues since no jury is available under § 3.548(606) [M.C.L.A. § 37.2606] proceedings it should not be available in direct actions under § 3.548(801) [M.C.L.A. § 37.-2801].

The argument is without merit. If the Michigan legislature wanted legal symmetry between "appeals" from rulings of the Commission and direct actions it could have provided for it. Before this Court will strike a jury demand under Elliot-Larsen, there would have to be convincing support in the legislative history or Michigan case law to countenance such a result. Defendant cites nothing to the Court.

Article V, § 29 of the Michigan Constitution of 1963 (which creates the Commission), provides in part:

> "Nothing contained in this section shall be construed to diminish the right of any party to direct and immediate *legal* or equitable remedies in the courts of this state." (emphasis added)

This provision cannot be squared with defendant's argument for legal "symmetry". Elliot-Larsen makes legal relief available notwithstanding the Commission, and as a matter of federal law a right to jury trial attaches to actions under that Act. *Ross v. Bernhard, supra.* This Court so holds.

Defendant's motion is DENIED.

SO ORDERED.