ANDERSON v GENERAL MOTORS CORPORATION

Docket No. 71799. Submitted March 21, 1984, at Detroit.—Decided November 5, 1984.

Morris Anderson, Jr., filed a complaint with the Department of Civil Rights against his former employer, General Motors Corporation, on October 26, 1977. The Civil Rights Commission dismissed the complaint on June 9, 1980, and, on reconsideration, affirmed its order of dismissal on May 20, 1981. Anderson filed proceedings in the Wayne Circuit Court naming General Motors as the defendant. The court, Robert J. Colombo, J., granted a motion to add the Department of Civil Rights as a defendant. It then granted summary judgment in favor of the department on the ground that its refusal to issue a charge was supported by the administrative record and was not arbitrary and capricious, and granted accelerated judgment in favor of General Motors on the ground that Anderson was barred from proceeding against his employer by the three-year statute of limitations applicable to this case. Anderson appealed. *Held:*

1. The parties and the circuit court viewed the proceedings at least in part as an appeal from the decision of the Civil Rights Commission. The Court of Appeals also treated it as an appeal.

2. Appeals from final orders of the Civil Rights Commission, including refusals to issue complaints, are to be tried *de novo* in the circuit court where the evidence is considered as if there had been no prior determination and obtains notwithstanding the existence of an independent cause of action under the Elliott-Larsen Civil Rights Act. Where the Civil Rights Commission has refused to issue a charge, the circuit court, on appeal, should proceed to try the case *de novo* on the merits. Such trials *de novo* should be tried by the court without a jury.

3. The three-year statute of limitations does not bar Anderson's appeal from the Civil Rights Commission's decision but does bar any independent causes of action.

Remanded with instructions.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 822.
  15 Am Jur 2d, Civil Rights § 261.

1. Civil Rights — Appeal — Trial *De Novo* — Constitutional Law.

> Appeals from final orders of the Civil Rights Commission, including refusals to issue complaints, are to be tried de novo in the circuit court where the evidence is considered as if there had been no prior determination and obtains notwithstanding the existence of an independent cause of action under the Elliott-Larsen Civil Rights Act; where the Civil Rights Commission has refused to issue a charge, the circuit court, on appeal, should proceed to try the case de novo on the merits; such trials de novo should be tried by the court without a jury (Const 1963, art 5, § 29; MCL 37.2803; MSA 3.548[803]).

2. Civil Rights — Appeal — Parties.

> The proper defendant in an appeal to the circuit court from a refusal by the Civil Rights Commission to issue a charge is the respondent named in the complaint, not the Civil Rights Commission.

Morris Anderson, Jr., *in propria persona.*

*Alice M. Osburn,* for General Motors Corporation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Felix E. League* and *Martin J. Vittands,* Assistants Attorney General, for the Department of Civil Rights.

Before: M. J. Kelly, P.J., and Beasley and J. N. O'Brien,* JJ.

M. J. Kelly, P.J. Plaintiff appeals as of right from a circuit court order of accelerated judgment in favor of defendant General Motors Corporation and from an order of summary judgment in favor of defendant Michigan Department of Civil Rights. The Civil Rights Department cross appeals from an order naming it a party defendant in the circuit court proceeding.

On September 28, 1977, plaintiff was discharged

---

* Circuit judge, sitting on the Court of Appeals by assignment.

from his employment as a security guard for GM. Plaintiff does not dispute that he had informed a fellow employee he believed to have stolen his CB antenna that, if the employee replaced the antenna and provided plaintiff with a new CB radio, he would neither seek that employee's discharge nor press criminal charges. According to the plaintiff, his supervisors were aware of and approved his efforts to reach a "private settlement" agreement with the coemployee. Plaintiff contended that GM's actions in discharging him were racially motivated and that his dealings with the coemployee were used by GM as a pretext for his discharge. GM responded that plaintiff was fired for failure to properly perform his duties as a plant security officer.

Plaintiff filed a complaint with the Michigan Department of Civil Rights on October 26, 1977. He was reinstated on May 16, 1978, without back pay or benefits and pursued his civil rights claim, seeking $5,416.86 in lost wages, the restoration of retirement credit and the removal of the discharge from his employment record. The staff investigator initially concluded that GM's actions were racially motivated and recommended issuance of a charge. However, the Civil Rights Commission subsequently found the evidence insufficient to warrant a hearing and ultimately issued an order of dismissal on June 9, 1980.

Plaintiff moved for reconsideration and a hearing was conducted on February 5, 1981. The hearing referee found no cause to reverse the order of dismissal and that order was formally affirmed on May 20, 1981.

Plantiff filed proceedings *in propria persona* in circuit court on June 22, 1981, naming GM as the party defendant. GM subsequently moved to add the state as a party defendant, which motion the

trial court granted by order dated November 22, 1982. Following oral arguments on the defendants' motions for accelerated and summary judgment, the trial court (1) granted summary judgment in favor of the state on the ground that its refusal to issue a charge was supported by the administrative record and was not arbitrary and capricious, and (2) granted accelerated judgment in favor of GM on the ground that plaintiff was barred from proceeding against his employer by the three-year statute of limitations applicable to this case. MCL 600.5805(8); MSA 27A.5805(8).

As an aside, we note that this case is presented to us in a state of procedural confusion attributable in part to plaintiff's *in propria persona* status and lack of familiarity with the distinction between appellate proceedings and independent causes of action. The state and trial court have added to the confusion by failing to identify the court rule under which the state's motion for summary judgment was filed and decided. Superimposed upon the procedural confusion is the paucity of statutory and appellate authority delineating the scope and nature of an appeal from a CRC refusal to charge. What is clear from the trial court record, however, is that the parties and the trial court viewed plaintiff's petition or "brief" initiating the circuit court proceeding at least in part as an appeal from the decision of the CRC and we thus approach this case on that basis.

Another panel of this Court has recently undertaken the task of identifying for the first time the precise nature of an appeal from a CRC refusal to issue a charge. See *Walker v Wolverine Fabricating & Manufacturing Co, Inc,* 138 Mich App 660; 360 NW2d 264 (1984). We agree with the analysis in *Walker* and rely upon it in our disposition of the case before us.

The trial court in this case found that the CRC decision was supported by competent evidence in the administrative record and was neither arbitrary nor capricious. In so holding, the court borrowed from the standard set forth in the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* for the judicial review of decisions by administrative agencies. However, that act defers to other standards where specifically provided by statute or the constitution. MCL 24.306(1); MSA 3.560(206)(1).

The Michigan Constitution mandates that appeals from decisions of the CRC are to be tried *de novo:*

> "Appeals from final orders of the commission, including cease and desist orders and refusals to issue complaints, shall be tried de novo before the circuit court having jurisdiction provided by law." Const 1963, art 5, § 29.

We conclude that, because the constitution defines the scope of appellate review of CRC refusals to charge, the Legislature and courts are bound by this standard and the Administrative Procedures Act does not apply.

In *Walker, supra,* Judge BRONSON considered at some length the meaning of the term "tried *de novo"* as set forth in Const 1963, art 5, § 29. Citing *Kar v Hogan,* 399 Mich 529; 251 NW2d 77 (1976), and 2 Am Jur 2d, Administrative Law, § 698, p 597, the *Walker* Court concluded that review by trial *de novo* includes the right to an evidentiary hearing in the circuit court. The circuit court is to consider the evidence presented at the hearing as if no prior determination had been made and arrive at an independent decision. See also *Dixon v Ford Motor Co,* 402 Mich 315; 262 NW2d 666

(1978), *reh den* 402 Mich 965 (1978), and *Burrell v Annapolis Hospital,* 36 Mich App 537; 193 NW2d 900 (1971). While it is true that the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* provides that CRC refusals to charge will be reviewed *de novo* (rather than tried *de novo),* MCL 37.2606; MSA 3.548(606), the *Walker* Court properly construed that act to require appellate review by trial *de novo* in light of the general rule favoring the construction of statutes in a manner that is consistent with the constitution.

We agree that a party appealing a CRC refusal to charge has a right to an evidentiary hearing in circuit court. In the instant case, the trial court merely reviewed the administrative record and applied the arbitrary and capricious standard of review. While defendants admit that the trial court applied an incorrect standard of review, both defendants cite *Remick v Burge,* 39 Mich App 444; 197 NW2d 868 (1972), and urge this Court to affirm the trial court's order of summary judgment on the theory that review by trial *de novo* would lead to the same result. In *Remick,* however, the trial court had conducted a *de novo* hearing and simply erred in the standard applied in evaluating the evidence. Inasmuch as plaintiff in this case was never provided a new hearing in the circuit court, we find *Remick* inapplicable. It is thus necessary to remand this case to circuit court for review by trial *de novo.* We note that such review does not include the right to a jury trial. *Burrell, supra.*

The appropriate party defendant in an appeal from a CRC refusal to charge is the party against whom the discrimination claim is filed. *Walker, supra.* The trial court thus erred in granting General Motors' motion to add the CRC as a party

defendant and, on remand, the appropriate defendant is General Motors only.

The trial court also erred in applying the three-year statute of limitations against plaintiff's claim of appeal from the CRC decision. If, however, on remand, the trial court determines that any part of plaintiff's circuit court petition or brief introduces an independent cause of action, that action will be barred by the limitations period.

Finally, the circuit court is directed to consider the merits of plaintiff's discrimination claim unless remand to the CRC is necessitated by that agency's improper exercise or failure to exercise authority. *Walker, supra.*

The remaining issues raised by plaintiff on appeal are without merit.

Reversed and remanded for further proceedings consistent with this opinion.