WALKER v WOLVERINE FABRICATING & MANUFACTURING
CO, INC

Docket No. 74805. Submitted May 14, 1984, at Detroit.—Decided
November 6, 1984. Leave to appeal granted, 422 Mich 858.

William Walker filed a complaint with the Civil Rights Commis-
sion against Wolverine Fabricating & Manufacturing Co., Inc.
The Civil Rights Commission refused to issue a charge. Walker
appealed to the Wayne Circuit Court. The court, William J.
Giovan, J., opined that the issue on appeal would be whether
the CRC's decision not to issue a complaint was clearly errone-
ous and that, if the court so found, the appropriate relief would
be to remand the matter to the CRC for further proceedings. It
stated that the proper party on appeal was the CRC and
granted Walker 20 days to serve process on it. When Walker
declined, the court dismissed the appeal. Walker appealed.
*Held:*

1. Appeals from final orders of the Civil Rights Commission,
including refusals to issue complaints, are to be tried *de novo,*
in the circuit court where the evidence is considered as if there
had been no prior determination and obtains notwithstanding
the existence of an independent cause of action under the
Elliott-Larsen Civil Rights Act. Where the Civil Rights Commis-
sion has refused to issue a charge, the circuit court, on appeal,
should proceed to try the case *de novo* on the merits. Such
trials *de novo* should be tried by the court without a jury.

2. The proper defendant in an appeal to the circuit court
from a refusal by the Civil Rights Commission to issue a charge
is the respondent named in the complaint, not the Civil Rights
Commission.

Reversed and remanded.

1. CIVIL RIGHTS — APPEAL — TRIAL *DE NOVO* — CONSTITUTIONAL
LAW.

Appeals from final orders of the Civil Rights Commission, includ-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 15 Am Jur 2d, Civil Rights §§ 229, 261.
[2] 16 Am Jur 2d, Constitutional Law § 137.
   73 Am Jur 2d, Statutes §§ 42, 103, 123.

ing refusals to issue complaints, are to be tried *de novo* in the circuit court where the evidence is considered as if there had been no prior determination and obtains notwithstanding. the existence of an independent cause of action under the Elliott-Larsen Civil Rights Act; where the Civil Rights Commission has refused to issue a charge, the circuit court, on appeal, should proceed to try the case *de novo* on the merits; such trials *de novo* should be tried by the court without a jury (Const 1963, art 5, § 29; MCL 37.2803; MSA 3.548[803]).

2. CONSTITUTIONAL LAW — JUDICIAL CONSTRUCTION — STATUTES.

Statutes are presumed to be constitutional, and that presumption may justify a statutory construction that is rather against the natural interpretation where it is necessary to sustain the enactment.

3. CIVIL RIGHTS — APPEAL — PARTIES.

The proper defendant in an appeal to the circuit court from a refusal by the Civil Rights Commission to issue a charge is the respondent named in the complaint, not the Civil Rights Commission.

*Law Offices of Philip Green* (by *Barbara J. Kelly),* for plaintiff.

*Dahlberg, Mallender & Gawne* (by *David M. Gaskin* and *Howard A. Serlin),* for defendant.

Before: M. J. KELLY, P.J., and BRONSON and C. W. SIMON,* JJ.

BRONSON, J. Plaintiff appeals as of right from an order of the circuit court dismissing plaintiff's appeal to that court from the Michigan Civil Rights Commission's refusal to issue a charge against defendant.

On April 28, 1980, plaintiff filed a complaint with the Michigan Department of Civil Rights, alleging that defendant had unlawfully discriminated against him on the basis of his age. On October 17, 1980, the Civil Rights Commission

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(CRC) "found insufficient evidence on which to issue a charge" and issued an order of dismissal. On plaintiff's request for reconsideration, the CRC determined that the dismissal was inappropriate and reopened the complaint on May 1, 1981. On July 16, 1981, the CRC again "found insufficient evidence on which to issue a charge" and again dismissed plaintiff's complaint. Although plaintiff requested reconsideration of this dismissal on August 1, 1981, the CRC did not deny that request until March 21, 1983. On April 6, 1983, plaintiff filed an appeal in the Wayne County Circuit Court.

In a letter to counsel for both parties, the circuit court opined that the issue on appeal would be whether the CRC's decision not to issue a complaint was clearly erroneous and that, if the court so found, the appropriate relief would be to remand the matter to the CRC for further proceedings. The court stated that, accordingly, the proper appellee was the CRC and that it would grant plaintiff twenty days to serve process on the CRC, failing which the appeal would be dismissed.

Plaintiff's counsel responded, by letter, that he refused to either join the CRC as a defendant or brief the issue as to whether or not the CRC erred in failing to issue a formal charge because, in his view, the state constitution granted plaintiff a full trial on the merits in the circuit court. Following receipt of plaintiff's counsel's letter, the circuit court issued the order, appealed herein, dismissing plaintiff's appeal.

The precise question presented by the instant case is one of first impression, *i.e.,* what is the nature of an appeal to the circuit court from a determination by the CRC not to issue a charge. The parties agree that, where a party appeals a decision of the CRC which follows the issuance of a

charge and a subsequent hearing, that appeal before the circuit court is a trial *de novo*—a full new evidentiary hearing. Plaintiff contends that he is entitled to exactly the same type of trial on appeal from the CRC's decision not to issue a charge. Defendant argues that, on appeal, the circuit court is limited to determining whether the CRC acted in accordance with its rules and procedures in deciding not to issue a charge.

We begin our analysis by looking to the provision of the state constitution which establishes the procedure for taking an appeal from a final order of the CRC.

"Appeals from final orders of the [civil rights] commission, including cease and desist orders and *refusals to issue complaints,* shall be *tried de novo* before the circuit court having jurisdiction provided by law." Const 1963, art 5, § 29. (Emphasis added.)

"The primary rule for the construction of constitutional provisions is that of 'common understanding'. The interpretation that should be given is that which reasonable minds, the great mass of people, would arrive at. A second rule is that, to clarify the meaning of a provision of the constitution, the circumstances surrounding the adoption of the constitutional provision and the purpose sought to be accomplished may be considered." *Grosse Ile Committee for Legal Taxation v Grosse Ile Twp,* 129 Mich App 477, 493; 342 NW2d 582 (1983).

In *Burrell v Annapolis Hospital,* 36 Mich App 537; 193 NW2d 900 (1971), this Court applied the foregoing rules of construction in determining that art 5, § 29 of the constitution entitles appellants from adverse decisions of the CRC to a full new evidentiary hearing and not merely some form of review based on the record before the CRC. This conclusion was based on the language of art 5, § 29, *i.e.,* the common understanding of the phrase

"trial *de novo*", and on the opinion expressed by the delegates to the constitutional convention as to the meaning of the language chosen, 2 Official Record, Constitutional Convention 1961, p 3118. The conclusion that the language was adopted in the spirit in which it was chosen is reinforced by the convention's comments in its address to the people of the state. The Constitutional Comments, in relevant part, provide:

"Appeals from final orders of the [civil rights] commission shall be tried anew before the circuit court having jurisdiction." 2 Official Record, Comments in address to the people 1962, p 3384.

The holding in *Burrell, supra,* was expressly approved in *Remick v Burge,* 39 Mich App 444, 446; 197 NW2d 868 (1972).

In *Dixon v Ford Motor Co,* 402 Mich 315, 316; 262 NW2d 666 (1978), *reh den* 402 Mich 965 (1978), where the Michigan Supreme Court spoke to the standard of review in the Court of Appeals following circuit court review of a CRC decision, the Court noted that "[t]he matter was heard *de novo* in [the circuit] court, though no new witnesses or evidence [was] introduced". This statement implies that the Supreme Court recognized that, had the parties so chosen, they could have presented new witnesses and introduced evidence, *i.e.,* had a new trial. This statement is in line with the comment of the Court of Appeals in *Burrell, supra,* p 540, that the parties were not prohibited from agreeing and stipulating to submission of the appeal from the CRC on the record. No such agreement was made in the case at bar.

We think that in *Burrell, supra,* this Court correctly held that "trial *de novo*" requires a full new evidentiary hearing before the circuit judge.

Defendant acknowledges that, where the CRC's final order follows a hearing on the issuance of a charge, the appeal therefrom is the prescribed trial *de novo* before the circuit court. However, defendant argues that, where the CRC's final decision follows the Department of Civil Rights' refusal to issue a charge, the first step in the administrative procedure, the charging party is not entitled to a trial on the merits of his claim against the respondent named in the complaint.[1]

Defendant relies on the provisions of the Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* which delineate the procedure for appeals from final decisions of the CRC. Although the Legislature is empowered to control the manner in which the CRC exercises its powers, *Michigan Civil Rights Comm v Clark,* 390 Mich 717; 212 NW2d 912 (1973), a legislative enactment which conflicts with the intention of the constitutional framers would be unlawful. *Civil Rights Comm v Chrysler Corp,* 64 Mich App 393, 399; 235 NW2d 791 (1975).

Pursuant to its constitutional authorization, the Legislature enacted § 606 of the Elliott-Larsen Civil Rights Act, which provides in pertinent part:

"(1) A complainant and a respondent shall have a right of appeal from a final order of the commission, including cease and desist orders and refusals to issue charges, before the circuit court for the county of Ingham, or the circuit court for the county in which the

---

[1] In defendant's view, where the department refuses to issue a charge, the charging party has *ipso facto* failed to present "sufficient evidence" that his civil rights were violated by the respondent named in the complaint. We find no indication that either the delegates or the Legislature intended that the department's decision not to issue a charge would have such significance. Furthermore, if the trial court hears the case as a trial *de novo,* a sufficiency problem presumably could be handled in the normal method, *i.e.,* by a motion for summary judgment or directed verdict.

alleged violation occurred or where the person against whom the complaint is filed, resides, or has his or her principal place of business. An appeal before the circuit court shall be *reviewed de novo.* If an appeal is not taken within 30 days after the service of an appealable order of the commission, the commission may obtain a decree for the enforcement of the order from the circuit court which has jurisdiction of the appeal." MCL 37.2606; MSA 3.548(606). (Emphasis added.)

Defendant argues that the legislative provision for *de novo* review is a lawful interpretation of the constitutional prescription for the hearing of an appeal as a trial *de novo.*

In *Kar v Hogan,* 399 Mich 529, 553; 251 NW2d 77 (1976), Justice LEVIN discussed the distinction between *de novo* review and a trial *de novo.*

"*De novo* review is distinguishable from a trial *de novo,* where the evidence may be considered as if there had been no prior determination. *De novo* review meant in practice a review of limited scope without definite guidelines." (LEVIN, J., dissenting, footnote omitted.)

Justice LEVIN cited 2 Am Jur 2d, Administrative Law, § 698, p 597, wherein the editors elaborated on the distinction:

"A trial or hearing 'de novo' means trying the matter anew the same as if it had not been heard before and as if no decision had been previously rendered. Thus, it is said that where a statute provides that an appeal shall be heard de novo such a hearing is in no sense a review of the hearing previously held, but is a complete trial of the controversy, the same as if no previous hearing had ever been held, especially where the hearing is in a court of general, original jurisdiction. Where a statute provides for a trial de novo and does not provide that the findings of the administrative agency shall be conclusive or of any force, the whole matter is opened up for consideration on appeal as if the proceeding had been originally brought in the reviewing court."

Since there is a substantive difference between *de novo* review and trial *de novo,* we disagree with defendant's contention that the Legislature could have lawfully limited the circuit court to a *de novo* review where the drafters of the constitution intended to provide the opportunity for a full trial *de novo.*

Statutes are presumed constitutional. *O'Brien v Hazelet & Erdal,* 410 Mich 1; 299 NW2d 336 (1980). The presumption of constitutionality may justify even a construction that is rather against a natural interpretation of the language used, if necessary, to sustain the enactment. *People v Bandy,* 35 Mich App 53, 57; 192 NW2d 115 (1971), *lv den* 386 Mich 753 (1971). In deference to this rule, we presume that § 606 of the Elliott-Larsen Civil Rights Act provides an aggrieved party with the type of appeal mandated by the constitution, *i.e.,* a trial *de novo.* In the instant case, once the CRC issued its final order dismissing plaintiff's complaint, plaintiff should have been afforded the opportunity to proceed to try his case before the circuit court.

As the proceeding in circuit court is a trial *de novo,* the proper party defendant is the respondent named in the complaint. Although we are not bound by the procedure set forth in Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.,* the federal scheme is instructive. *Barczak v Rockwell International Corp,* 68 Mich App 759, 763-766; 244 NW2d 24 (1976). Title VII expressly provides the charging party with the right to file a civil action in federal district court where the Equal Employment Opportunity Commission (EEOC) dismisses a charge filed with it. 42 USC 2000e-5(f)(1). The latter section provides that the defendant in the civil suit is the "party who was the respondent

named in the charge".[2] We conclude that the circuit court herein erroneously instructed plaintiff that the proper appellee was the CRC.

In so holding we do not imply that the CRC or the Department of Civil Rights is never a proper party defendant. Under certain circumstances, an order of superintending control directed against the CRC may be an appropriate avenue of relief. *Chrysler Corp v Civil Rights Comm,* 68 Mich App 283; 242 NW2d 556 (1976). However, superintending control does not supersede the use of normal appellate procedure when such an appeal would be available and adequate for that purpose. *Chrysler Corp v Dep't of Civil Rights,* 117 Mich App 95, 102; 323 NW2d 608 (1982). In the instant case, not only is an appeal available and adequate, but it is specifically mandated by the constitution.

Defendant argues that the availability to an aggrieved individual of an independent action under the Elliott-Larsen Civil Rights Act, MCL 37.2803; MSA 3.548(803), ensures the individual's right to complete judicial review. An appeal by trial *de novo* from the CRC's refusal to issue a charge circumvents the limitations period established for such independent actions.

Notwithstanding the availability of an independent civil rights action, we remain persuaded that a complainant may obtain a trial *de novo* after the CRC declines to issue a charge. Once again, we turn to the federal scheme. Although under 42 USC 2000e-5(f)(1) a charging party may not proceed in federal district court without exhausting

---

[2] Various federal courts have held that this section confers no express or implied right of action against the EEOC. See *Gibson v Missouri Pacific R Co,* 579 F2d 890 (CA 5, 1978), *cert den* 440 US 921; 99 S Ct 1245; 59 L Ed 2d 473 (1979), *reh den* 440 US 968; 99 S Ct 1522; 59 L Ed 2d 785 (1979); *Pearlswig v Randolph,* 497 F Supp 569 (D Mass, 1980); *Kelly v Equal Employment Opportunity Comm,* 468 F Supp 417 (D Md, 1979).

his or her administrative remedies, under 42 USC 1981 an aggrieved individual may immediately pursue an action in federal district court independent of the administrative route. *Johnson v Railway Express Agency, Inc,* 421 US 454, 459-460; 95 S Ct 1716; 44 L Ed 2d 295 (1975). The availability of an immediate independent action neither displaces nor abridges the right to judicial review after administrative remedies are exhausted.

While we acknowledge that the statute of limitations may be partially circumvented by allowing appeal by trial *de novo,*[3] this is largely due to administrative backlog rather than any inaction on the part of the complainant. Moreover, whereas the statute of limitations is an arbitrary time period chosen by the Legislature as a limitation on a statutorily created right of action, the right to appeal from the CRC is established by the constitution and carries no time limitation.

Defendant also contends that providing the charging party with the opportunity of a new trial where the Department of Civil Rights fails to issue a preliminary charge renders the administrative procedure pointless. The same contention could be advanced where the CRC dismisses a case after a full hearing; yet defendant acknowledges that, in that case, a party is entitled to a trial *de novo.* More importantly, we note that protection of civil rights is accorded a special status in our law. *Barczak, supra,* p 763; *Civil Rights Comm v Chrysler Corp,* 64 Mich App 393, 406; 235 NW2d 791 (1975). Thus the constitution and state civil rights acts have established an administrative procedure as a supplement, not a substitute, to the normal channels available to a person who feels his or her civil rights have been violated. The administrative

---

[3] The statute of limitations period still operates to limit a claimant's right to a jury trial. See *infra,* fn 5.

procedure provides aggrieved parties with a swift and less costly means of securing redress. Furthermore, the CRC is empowered to provide additional support to an individual seeking relief, *e.g.,* the CRC may grant temporary relief pending final determination of a party's complaint, MCL 37.2603; MSA 3.548(603), and the CRC may go to court on behalf of an aggrieved party to enforce its decision, MCL 37.2606; MSA 3.548(606). Notwithstanding the possibility that a party may ultimately obtain a trial *de novo* in circuit court, the availability of the administrative procedure is far from meaningless.

Finally, we turn to a discussion of what kind of relief the circuit court may order after the prescribed *de novo* trial. Defendant argues that, where the court hears a case wherein the Department of Civil Rights refused to issue a charge, the court should only determine the propriety of that refusal and then, if necessary, remand the cause to the CRC for further administrative proceedings. Defendant maintains that MCL 37.2606(2); MSA 3.548(606)(2), which authorizes a remand to the CRC for further proceedings, evinces the intent of the Legislature to circumscribe the power of the court to order relief.

Such a limitation is logically and legally inconsistent with our conclusion that a court is empowered to try the case *de novo*[4] Under certain cir-

---

[4] Of note is *Lesniak v Fair Employment Practices Comm,* 364 Mich 495, 506-507; 111 NW2d 790 (1961), where the Supreme Court stated that where an appeal was taken from the commission's refusal to issue a complaint, the complainant must still be provided a reasonable opportunity to present evidence on a written record in order to enable the circuit court to properly review the case on appeal. Thus, even where circuit court review was limited to an appeal in the nature of certiorari, neither the issue on appeal nor the remedy was limited to a determination of whether the commission had abused its discretion in refusing to issue a complaint. We likewise decline to limit the remedy where appeal is by way of trial *de novo.*

cumstances, a remand to the CRC might be appropriate, *e.g.*, if, on appeal, the circuit court determined that the CRC had improperly dismissed a complaint for lack of jurisdiction, if the court determined that the CRC failed to follow its own administrative guidelines, or if the court decided that the CRC was better equipped to fashion an appropriate remedy in a particular case. However, where the CRC issues a final order reflecting a decision on the merits of the complaint—including a refusal to issue a charge—the circuit court should, within the normal rules of civil procedure and evidence, proceed to try the case on the merits.[5]

In accordance with this opinion, we vacate the circuit court's order dismissing plaintiff's appeal and remand this case to the circuit court so that the parties herein may proceed to trial.

Reversed and remanded.

---

[5] Consequently, we disagree with the majority's holding in *Burrell, supra,* insofar as it implies that the issue at trial is limited to whether or not the CRC should have issued a complaint, *Burrell, supra,* p 539. Nonetheless, we do agree with the *Burrell* majority that a jury trial is unavailable on appeal. While the drafters of the constitution provided for trial *de novo* in the circuit court, the circuit court action is characterized as an appeal from the CRC and obtained by way of review. Juries neither hear appeals nor review lower tribunal decisions.