ANDERSON v GENERAL MOTORS CORPORATION (ON REMAND)

Docket No. 96265. Submitted November 3, 1986, at Lansing. Decided March 17, 1987.

Morris Anderson, Jr., filed a complaint with the Department of Civil Rights against his former employer, General Motors Corporation, which the Civil Rights Commission dismissed. Anderson then brought an action in the Wayne Circuit Court against General Motors, in which the Department of Civil Rights was added as a defendant, and the parties and the trial court, Robert J. Colombo, J., treated the proceedings as an appeal from the decision of the commission. The trial court granted summary judgment in favor of the department, ruling that the refusal to issue a charge was supported by the administrative record and was not arbitrary and capricious. The trial court also granted accelerated judgment in favor of General Motors, ruling that Anderson's action was barred by the applicable statute of limitation. On appeal to the Court of Appeals, the Court remanded the case, holding that where the commission has refused to issue a charge, the circuit court should proceed to try the case de novo on the merits. The Court also held that Anderson's action was not barred by the statute of limitations. 138 Mich App 581 (1984). The Supreme Court, in lieu of granting leave to appeal, vacated the Court of Appeals judgment and remanded the case for reconsideration in light of its holding in *Walker v Wolverine Fabricating & Mfg Co, Inc,* 425 Mich 586 (1986). 426 Mich 868 (1986).

The Court of Appeals *held:*

1. Under the standard of review enunciated in *Walker,* the commission's factual findings were supported by competent, material, and substantial evidence and its decision was not arbitrary, capricious, or an abuse of discretion.

2. Accelerated judgment in favor of General Motors was proper under the Supreme Court's analysis in *Walker.*

Affirmed.

Morris Anderson, Jr., in propria persona.

*Alice M. Osburn,* for General Motors Corporation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Felix E. League,* Assistant Attorney General, for the Department of Civil Rights.

ON REMAND

Before: M. J. KELLY, P.J., and BEASLEY and CYNAR, JJ.

M. J. KELLY, P.J. In *Anderson v General Motors Corp,* 138 Mich App 581; 360 NW2d 251 (1984), we broadly interpreted Const 1963, art 5, § 29 and held that the right to judicial review of decisions of the Civil Rights Commission included the right to a new evidentiary hearing in the circuit court. Our analysis was based on this Court's opinion in *Walker v Wolverine Fabricating & Mfg Co, Inc,* 138 Mich App 660; 360 NW2d 264 (1984), with which we agreed. The Supreme Court has, by order of October 27, 1986, 426 Mich 868 (1986), directed us to reconsider this case in light of its partial reversal of *Walker, supra,* at 425 Mich 586; 391 NW2d 868 (1986).

On the basis of the Supreme Court's analysis in *Walker,* we affirm the order of accelerated judgment entered in this case in favor of defendant General Motors Corporation. In our original opinion, we observed that the trial court in this case had "reviewed the administrative record and applied the arbitrary and capricious standard of review." 138 Mich App 586. Since that is the appropriate scope of review under *Walker, supra,* we now consider only whether the commission's factual findings are supported by competent, material, and substantial evidence and whether its decision is arbitrary, capricious, or an abuse of discretion.

As noted in our earlier opinion, it is undisputed that plaintiff, acting in his apparent capacity as a GM security guard, informed a coemployee who was suspected of having stolen plaintiff's CB antenna that the coemployee could avoid discharge as well as criminal proceedings if he agreed not only to replace the antenna but also to provide plaintiff with a new CB radio. Although it is true that plaintiff's supervisors approved of his efforts to reach a "private settlement" agreement with the coemployee, plaintiff went beyond his supervisors' approval in attempting to obtain for himself the new radio. The decision of the Civil Rights Commission that defendant terminated plaintiff's employment because of his attempt to extort a radio, rather than because of plaintiff's race, is supported by the evidence on the whole record and is neither arbitrary, capricious nor an abuse of discretion.

Affirmed.